IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RITA FLORIAN PINGREE**,<br><br>Plaintiff,<br>v.<br><br>**UNIVERSITY OF UTAH** and **CAROLINE MILNE**, in her individual and official capacities,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING 30(b)(6) DEPOSITION<br><br>Case No. 2:20-CV-00724-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

On September 26, 2023, Plaintiff Rita Florian Pingree ("Ms. Pingree") filed a motion to compel Defendant University of Utah (the "University") to provide testimony in response to a Rule 30(b)(6) notice of deposition. ECF No. 53. Magistrate Judge Romero granted Ms. Pingree's motion in part but ordered that the temporal scope of the deposition would be limited to 2014 and thereafter and that Topics 8 and 9 would be excluded. ECF No. 63. Ms. Pingree filed a timely objection to the Magistrate's Order under Federal Rule of Civil Procedure 72(a), insisting that the Magistrate should have granted Ms. Pingree's motion in its entirety. ECF No. 67. Ms. Pingree's objection requires this court to determine whether the Magistrate's Order granting Ms. Pingree's motion to compel in part was clearly erroneous or contrary to law. Because the court finds no such error in the Magistrate's Order, Ms. Pingree's objection (ECF No. 67) is OVERRULED.

**BACKGROUND**

In January 2022, Ms. Pingree served her first Rule 30(b)(6) deposition notice on the University. Ms. Pingree withdrew her notice the following month. In April 2023, Ms. Pingree served a second Rule 30(b)(6) notice on the University. Ms. Pingree's second Rule 30(b)(6) notice asked the University to provide testimony on five topics, ranging in time from 2012 through 2019.

ECF No. 53-4. The University objected to Ms. Pingree's second Rule 30(b)(6) notice. *See* ECF No. 53-1. Ms. Pingree then served a third 30(b)(6) deposition notice on July 19, 2023. *Id.*

Ms. Pingree's July Rule 30(b)(6) notice added new topics to the scope of the University's deposition, including Topics 8 and 9, which relate to the University's retention procedures for email accounts set up for the use of students and residents:

8. Defendants' email account retention policies, process, and procedures; and process for retaining or destroying student and resident email accounts, including how and where student emails are housed, during and after their tenure as students and all individuals or departments with access to emails or authority to destroy them.

9. Individuals with access to Dr. Pingree's emails and the process for and authority to access or delete her email account.

ECF No. 53-1, at 3. The University objected to Ms. Pingree's inclusion of Topics 8 and 9. *See* ECF No. 53-2 (referring to topics 8 and 9 as irrelevant, not proportional, and "improper discovery about discovery"). Ms. Pingree argued that the inclusion of Topics 8 and 9 in the Rule 30(b)(6) deposition was necessary because she discovered that a number of emails stored in her University email account had disappeared. As a result of the emails' alleged disappearance, Ms. Pingree concluded that she was entitled to "understand what the University's policies and practices are regarding alumni email accounts" and investigate whether "there was any impropriety relating to her account." ECF No. 53-3, at 2.

Ms. Pingree subsequently filed a motion to compel the University to provide testimony in response to her July 30(b)(6) deposition notice. ECF No. 53. In its opposition memorandum, the University argued that Topics 8 and 9 should be excluded on the basis that Ms. Pingree's repeated Rule 30(b)(6) notices had violated DUCivR30-2. ECF No. 57, at 5. Topics 8 and 9, the University argued, were not listed in Ms. Pingree's prior Rule 30(b)(6) notices, and because DUCivR30-2 does not permit the service of more than a single Rule 30(b)(6) notice on any particular party, the

court should not allow Ms. Pingree to add those topics in her third notice. *Id.* Ms. Pingree subsequently argued that she did not violate DUcivR30-2 because the relevance of Topics 8 and 9 arose after she sent her second Rule 30(b)(6) notice. ECF No. 60, at 4.

In November 2023, the Magistrate Judge held oral argument on Ms. Pingree's motion to compel. *See* ECF Nos. 62, 63. The Magistrate then issued a ruling from the bench in which she granted Ms. Pingree's motion to compel in part. ECF No. 63. The Magistrate concluded that Ms. Pingree's repeated Rule 30(b)(6) notices were not cumulative in violation of DUCivR 30-2, but were instead amended versions of a single notice, despite Ms. Pingree's failure to caption those filings as such, because no deposition had yet occurred when Ms. Pingree served her third Rule 30(b)(6) notice in July 2023. *Id.* The Magistrate also granted Ms. Pingree's motion notwithstanding the fact that the deadline for discovery had passed. *Id.* Despite Ms. Pingree's failure to file a motion to reopen discovery, the Magistrate liberally construed Ms. Pingree's other filings, which addressed the standard applicable to a motion to reopen, and ordered that discovery be reopened for the limited purpose of permitting Ms. Pingree to take a Rule 30(b)(6) deposition of the University. *Id.* In ordering that discovery be reopened, the Magistrate granted Ms. Pingree's motion to compel the University to provide testimony in response to her Rule 30(b)(6) deposition. *Id.* The Magistrate's Order, however, specified that the 30(b)(6) deposition would not include Topic 8 or 9 or any information prior to 2014. *Id.* Ms. Pingree objected to those portions of the Magistrate's Order. ECF No. 67; *see* Fed. R. Civ. P. 72(a).

**LEGAL STANDARD**

When a party objects to a magistrate judge's nondispositive ruling, district courts employ a "clearly erroneous or . . . contrary to law" standard of review. Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to a magistrate judge's factual findings. *See, e.g., Vivint, Inc. v.*

*Alarm.com, Inc.*, No. 2:15-CV-00392-CW, 2020 U.S. Dist. LEXIS 141702, at *15 (D. Utah Aug. 6, 2020); *see also Sprint Communs. Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citing 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (collecting cases)). Under this deferential standard, the court will affirm the magistrate judge's order unless the court, exercising independent judgment, "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *accord Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

The "contrary to law" standard, on the other hand, "permits 'plenary review as to matters of law.'" *Sprint Communs. Co. L.P.*, 500 F. Supp. 2d at 1346 (quoting 12 Wright et al., supra, § 3069, at 355); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 U.S. Dist. LEXIS 19474, at *3 (D. Utah Jan. 29, 2021) (citation omitted); *Wyo. v. United States Dep't of Ag.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002) (citing 12 Wright et al., supra, § 3069, at 350), *vacated on other grounds by Wyo. v. United States Dep't of Ag.*, 414 F.3d 1207 (10th Cir. 2005); *Weiss v. La Suisse, Societe d'Assurances Sur La Vie*, 161 F. Supp. 2d 305, 320–21 (S.D.N.Y. 2001) (quoting *Thompson v. Keane,* 1996 U.S. Dist. LEXIS 6022, at *2 (S.D.N.Y. May 6, 1996)).

"In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispoitive actions by the district judge." *See Raytheon Co. v. Cray, Inc.*, 2017 U.S. Dist. LEXIS 30424, at *5 (D. Utah Mar. 2, 2017) (citation omitted); *see also* 12 Wright et al., supra, § 3069, at 350–51.

**ANALYSIS**

I.      INFORMATION DATING BACK TO 2012

The first portion of the Magistrate's Order to which Ms. Pingree objects is the Magistrate's decision to limit the temporal scope of the 30(b)(6) deposition to 2014 and thereafter. Ms. Pingree believes that she should be allowed to seek testimony regarding events dating back to 2012. While Ms. Pingree argues against the University's position that discovery should be limited by the statute of limitations applicable to her claims, she has not shown the Magistrate's Order on the 30(b)(6) deposition's temporal scope to be clearly erroneous or contrary to law. *See* ECF No. 91, at 7. Instead, her objection merely cites cases stating that courts "*typically* extend the scope of discovery to a reasonable number of years prior to and following the alleged discrimination" and explains why information dating back to 2012 is "relevant and important." ECF No. 67, at 6–10 (quoting *Clark v. Vivint Solar, Inc.*, No. 2:17-cv-00144-JNP-PMW, at p. 5 (D. Utah Mar. 15, 2019) (emphasis added)).

Information dating back to 2012 may well be relevant, or even important, to Ms. Pingree. But her objection cannot be sustained. Ms. Pingree asks the court to "overrule the Magistrate Judge's Order and expand the relevant time period back to 2012" without reference to the standard applicable to her objection and without assigning any particular error to the Magistrate's Order. ECF No. 91, at 7. To persuade this court to alter the Magistrate's Order, Ms. Pingree bears the burden to demonstrate that the Order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). By failing to articulate any basis upon which the court could reach that conclusion, Ms. Pingree failed to meet her burden. Fed. R. Civ.

5

P. 72(a); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir. 1999) (interpreting Fed. R. Civ. P. 72(a) as requiring an objecting party to "apprise the district court of all the objector's claims of error" in connection with that party's objection). As a result, Ms. Pingree's objection with respect to the Magistrate's Order limiting the temporal scope of the 30(b)(6) deposition to 2014 and thereafter is overruled.

## II.     DEPOSITION TOPICS 8 AND 9

In granting Ms. Pingree's motion to compel, the Magistrate ordered that Topics 8 and 9 would be excluded from the scope of the deposition. *See* ECF No. 63. Neither party disputes that the Magistrate properly cited Federal Rule of Civil Procedure 26(b)(1) as the standard for determining the discoverability of certain topics. Ms. Pingree objects, however, to the Magistrate's conclusion that under that rule, Topics 8 and 9 are not within the proper scope of a Rule 30(b)(6) deposition because those topics are not relevant. *See* ECF No. 67, at 1–2 ("The Magistrate Judge ruled these topics as irrelevant to the current issues of the lawsuit, a determination with which Plaintiff respectfully disagrees.").

Ms. Pingree does not specify whether she believes the Magistrate's Order excluding Topics 8 and 9 to be clearly erroneous, contrary to law, or both (although she quotes both standards in her objection). Because Ms. Pingree's objection contests the Magistrate's decision that Topics 8 and 9 were not discoverable under Rule 26(b)(1), however, the court understands Ms. Pingree to be arguing that the Magistrate Judge's Order was contrary to law. *See Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 2022 U.S. Dist. LEXIS 136706, at *2–3 (D. Utah July 29, 2022) (quoting *Hawkins*, 2021 U.S. Dist. LEXIS 19484, at *3) (applying the "contrary to law" standard to issues where the "magistrate judge's order . . . 'fails to apply or misapplies . . . rules of procedure[.]'"). Upon review, the court concludes that the Magistrate's decision to exclude Topics 8 and 9 from

the scope of the 30(b)(6) deposition was not contrary to law.

Ms. Pingree has articulated several reasons why she believes Topics 8 and 9 are relevant, including her belief that "the University of Utah's email account retention policies and procedures (topic 8), as well as information regarding access to Dr. Pingree's emails (topic 9), is crucial in determining the Defendant's compliance with its duty to preserve relevant ESI" and "assessing potential spoliation of evidence." ECF No. 67, at 5; *see also* ECF No. 91. The University argues that Rule 37(e) cannot provide the basis for Topics 8 and 9 to be deemed relevant because Ms. Pingree has not plausibly alleged that she lost documents or was prejudiced as a result of any loss of documents, each of which is necessary to demonstrate spoliation of evidence. *See* ECF No. 92, at 10–12. Notwithstanding the parties' arguments, the court finds that it need not resolve the relevance question, because several additional factors applicable under Rule 26(b)(1) support the Magistrate's Order excluding Topics 8 and 9 from the 30(b)(6) deposition's scope.

Discovery must be not only relevant, but also "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Topics 8 and 9 are not proportional to the needs of the case for three reasons.

First, the parties' relative access to relevant information weighs against finding Topics 8 and 9 to be proportional. It is undisputed that Ms. Pingree possessed (and still possesses) access to her University email account. In her initial disclosures, Ms. Pingree produced several emails from her University email account, which she had forwarded to her personal Hotmail email account. The University's records show that Ms. Pingree—and nobody else—accessed her University email

7

account during relevant time periods. For these reasons, the court finds that Ms. Pingree had at least equal access to the records in her University email account. Second, Ms. Pingree has not shown that Topics 8 and 9 are important in resolving the issues in this case. When Ms. Pingree reported that emails had disappeared from her University email account, the University offered to search for potentially relevant emails through alternative means, including by searching the email accounts of the users with whom Ms. Pingree had exchanged messages that had allegedly disappeared. Ms. Pingree did not respond to that offer. Moreover, Ms. Pingree has not articulated what information is missing from her University email account that cannot be accessed elsewhere. The court has not been apprised of how many relevant emails (if any) were in Ms. Pingree's University account that were not among those that Ms. Pingree forwarded to her personal Hotmail email account. Without any showing that Ms. Pingree has lost information that she needs to assert a claim or defense, the court does not find Topics 8 and 9 to be important in resolving the issues in the case. Third, because Ms. Pingree has not articulated what information she lost when emails allegedly disappeared from her University email account, the benefit of testimony on Topics 8 and 9 appears to be minimal, such that the burden and expense of expanding the scope of the 30(b)(6) deposition may not exceed the benefit.

      The foregoing factors provide a sufficient basis for the court to conclude that Topics 8 and 9 are not proportional to the needs of the case, and thus excludable even assuming that the topics are relevant. Because Topics 8 and 9 were therefore properly excluded under Rule 26(b)(1), the court cannot conclude that the Magistrate's Order denying Ms. Pingree's motion to compel the University to provide testimony on those topics was contrary to law. The court therefore overrules Ms. Pingree's objection with regard to Topics 8 and 9.

**CONCLUSION AND ORDER**

For the reasons stated herein, Plaintiff's Objection (ECF No. 67) to Magistrate Judge Romero's Order (ECF No. 63) is **OVERRULED**.

Signed June 4, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge