IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION & ORDER DENYING [71] PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This action is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court is Plaintiff Rita Florian Pingree's (Plaintiff or Dr. Pingree) Motion to Compel Discovery Responses (Motion) (ECF 71) to the Fourth Set of Discovery Requests to Defendant Caroline Milne (4th Set of Discovery) (ECF 71-1) and the Fifth Set of Discovery Requests to Defendant University of Utah (5th Set of Discovery) (ECF 71-2). Having carefully considered the Defendants' Opposition (ECF 73) and Plaintiff's Reply (ECF 78), along with the parties' oral argument (*see* ECF 89), and for the reasons herein, the court hereby DENIES the Motion.

## I.  BACKGROUND

The relevant facts to this Motion are as follows: The Sixth Amended Scheduling Order, the operative schedule in this matter, set a close of fact discovery on September 2, 2023 (ECF 50 at 1). As previously established, each party was allowed twenty-five (25) interrogatories (ROG) and thirty-five (35) requests for production (RFP) (ECF 17). The court later allowed limited 30(b)(6) discovery to take place after the close of fact discovery, and the undersigned's ruling was fully affirmed (ECF 63, 65, 67 and 93).

1

On August 3, 2023, Plaintiff issued both the 4th Set of Discovery to Caroline Milne (Milne) (ECF 71-1) and the 5th Set of Discovery to the University of Utah (University) (collectively, Defendants) (ECF 71-2). Defendants did not object that the issued discovery was untimely in that it required a response after the discovery period closed. Rather, as discussed below, that objection was not asserted until October 11, 2023 (ECF 71-6). Instead, Defendants responded to the 4th and 5th Set of Discovery on September 5, 2023 (ECF 71-3 and 71-4). On September 29, 2023, Plaintiff sent a deficiency letter and request to meet and confer (ECF 71-5). Defendants responded by letter on October 11, 2023, reminding Plaintiff that "fact discovery closed September 2, 2023," and argued the propounded discovery was also issued late as the responses were due after the deadline had closed (ECF 71-6). Defendants also objected to the 5th Set of Discovery to the University that the discovery contained multiple sub-parts and therefore exceeded the permitted 25 requests (ECF 71-4 and ECF 71-6 at 2). Plaintiff replied on October 23, 2023 (ECF 71-7), and a meet and confer took place on October 30, 2023 (ECF 71 at 2).

Pursuant to the meet and confer, on November 14, 2023, Defendants supplemented responses to the 4th and 5th Sets of Discovery (ECF 71-8 and 71-9). Plaintiff then did not file the present Motion until December 6, 2023. She proffers, that despite the Motion being filed after the close of fact discovery, it is timely because Plaintiff's counsel was busy with other cases, was being patient given the changes to Defendants' counsel, had some travel, and was working on the prior Motion to Compel the 30(b)(6) deposition filed on September 26, 2023 (ECF 53) and on other matters related to this case.

On June 30, 2022, Alain Balmanno withdrew but Adam Kunz remained as counsel for Defendants (ECF 38). Thereafter, on April 21 and April 24, 2023, Christine Hashimoto and Jaqualin Peterson made their appearances as Defendants' counsel (ECF 45 and 46). Defendants

2

did not argue the Motion itself was untimely but did object to the 4th and 5th Set of Discovery by arguing these requests were untimely because the responses were due outside the discovery deadline, the issued requests exceeded the allowed 25 interrogatories and 35 document requests, and regardless, that Defendants responded to the discovery.

## II.     LEGAL STANDARD

"Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ..'" *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, *1 (D. Utah May 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant' to a party's claim or defense." *Id.* (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).

The present Motion is brought pursuant to Federal Rule of Civil Procedure 37. Although Rule 37 does not specify any time limit within which a motion to compel must be brought, a party seeking to compel discovery must do so in a timely manner. *See Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. Civ-17-1309-D, 2020 WL 7033965, at *5 (W.D. Okla. Nov. 30, 2020). The Tenth Circuit has stated that courts are afforded with "broad discretion" to determine the timeliness of a motion to compel, and they "[ordinarily], . . . defer to the discretion of the district court in deciding whether a motion is too tardy to be considered." *King v. Cellco Partnership*, No. 2:20-cv-00775-JNP-JCB, 2023 WL 1993875, at *4 (D. Utah Feb. 14, 2023) (citing *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if ... the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified ... or ... other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i-iii).

### III.   ANALYSIS

#### a.  The 4th and 5th Sets of Discovery Were Not Untimely Issued.

Defendants concede they did not, in their September 5, 2023, discovery responses, object on timeliness as to the 4th and 5th Sets of Discovery. The court therefore finds the objection waived. *See Podium Corp. Inc. v. Chekkit Geolocation Servs. Inc.*, No. 2:20-CV-00352, 2022 WL 2118221, at *2 (D. Utah June 13, 2022) (explaining "Rule 33 of the Federal Rules of Civil Procedure governs interrogatories, and Rule 34 governs requests for production of documents. Both rules require responses and objections to be made within thirty days. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)."). Rule 33 provides that any ground for objecting to an interrogatory "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Although Rule 34 does not contain an equivalent provision, courts have held the same standard applies to untimely objections to requests for production. *See, e.g.*, *Fifth Third Bank v. KCII Insure Servs., LLC*, No. 11-CV-2101, 2011 WL 5920949, at *2 (D. Kan. Nov. 28, 2011).

Defendants do not expressly ask the court to find good cause for the failure to object as to timeliness of when the discovery requests were issued. But to the extent they intended to argue

4

good cause is met based on their belief that Plaintiff would file a motion to extend the discovery deadline and when Plaintiff did not, they decided to object as part of the meet and confer efforts, this does not demonstrate good cause. Defendants did not raise the issue of timeliness until October 11, 2023 (ECF 71-6), over a month after their initial responses. The reason for the delay does not justify the failure to timely object. If they believed the deadline was missed, it should have been promptly asserted to be preserved.

Moreover, the court finds the requests were timely propounded. The fact discovery deadline was September 2, 2023, which was a Saturday. The requests were served on Aug. 3, 2023, which would allow Defendants 30 days to respond. Because the original deadline fell on a Saturday, and the following Monday was a legal holiday, Defendants were not required to respond until September 5. *See* DUCivR 6-1 ("[W]hen the court is closed by order of the Chief Judge, a deadline that falls on that day is extended to the next day the court is open."); *see also* Fed. R. Civ. P. 6(a)(c).

    b. **The 4th Set of Discovery Exceeds the Allotted Amount; The 5th Set of Discovery is Within the Allotted Amount.**

        1. *4th Set of Discovery*

With respect to the 4th Set of Discovery to Milne, the Motion seeks responses to RFP Nos. 30, 31, and 32, and requests for admissions (RFA) Nos. 4 and 5. Defendants object and argue that some of the requests exceed the allotted amount. While they responded to RFP No. 30, they object that it is really two requests as it asks for information on two different people: "all communications with Wayne Samuelson and Brad Poss that mention or refer to Plaintiff." The court agrees, which means issued RFP No. 30 actually consists of RFP Nos. 30 and 31. Defendants argue the issued RFP No. 31 is really an interrogatory as it seeks documents or bates numbers for peer reviews mentioned in Dr. Pingree's deposition. While it does request information as a follow up to a

5

deposition by way of a bates range, it could be a ROG or RFP because it also seeks documents. Hence it could be considered RFP No. 32, which is within the allotted amount. Defendants responded to issued RFP No. 32. Because RFP No. 33 asks for information on three different people, Defendants objected and rather than respond to a request over the objection, answered RFP No. 35 and therefore issued RFP No. 33 had no response. The Motion thus seeks RFPs within the allotted amount of 35. However, for the reasons discussed below, the court nonetheless DENIES the Motion.

2. *5th Set of Discovery*

Plaintiff's Motion regarding the 5th Set of Discovery seeks outstanding information on ROG Nos. 20, 23, 24 and 25 from the University. The court agrees with Defendants that the ROGs are over the allotted 25. The Scheduling Order (ECF 17) and Rule 33(a)(1) allow no more than "25 written interrogatories, including all discrete subparts" unless there is a stipulation or order by the court. There is no stipulation or order from the court allowing a different amount from the 25 interrogatories. ROG No. 17, by the court's count, contains 8 separate interrogatories disguised as one—it asks the University to explain (1) the process for storing, (2) archiving, (3) terminating and deleting alumni email accounts, as well as (4) how, (5) where, (6) what, (7) why and (8) by whom questions. These are all discrete questions of fact seeking information on similar but different processes. In its response, the University also indicated it was treating ROG Nos. 17 as 8 or 9 interrogatories and thereafter provided a response.

Likewise, ROG Nos. 18 and 19 also each contain 3 different interrogatories under one heading: ROG No. 18 asks (1) who requested Dr. Pingree's email account to be terminated, (2) why and (3) the individuals involved; ROG No. 19 asks the same information but for a different date. Given that ROGs. Nos. 17–19 each contain multiple interrogatories, this puts the total number

of interrogatories well over the 25-number limit. *See, e.g., United States v. Talmage*, No. 1:16-CV-19-DN-PMW, 2017 WL 2483797, at *3 (D. Utah June 8, 2017) ("Setting aside the generic factual nucleus shared by each subpart, Interrogatory No. 6 is in effect seven interrogatories disguised as one. Each subpart to Interrogatory No. 6 involves a discrete or separate question of fact and, therefore, each subpart must be treated as a separate interrogatory.")

Contrary to Plaintiff's argument that Defendants waived any objections to ROG Nos. 20, 23, 24 and 25 by responding, Defendants did not substantively respond to ROG Nos. 20, 23, 24 and 25 initially but later, by way of meet and confer. The initial responses each contain only an objection that the "request exceeds" Plaintiff's "total number of allotted Interrogatories" and the "University declines to respond." Hence, this case is distinguishable from the case cited by Plaintiff, *Moreno v. Schinder Elevator Corp.*, No. 218CV00646JNPPMW, 2019 WL 454322 (D. Utah Sept. 19, 2019), because here, the University did not respond to the interrogatories but just submitted an objection. Although Defendants later supplemented as part of meet and confer efforts, this does not change their position as their initial response was an objection. Moreover, Defendants' later production was consistent with this court's rules to meet and confer to try to avoid discovery disputes. The October 11, 2023, response maintains the objections despite later supplementing.

### c. Regardless, the Motion is Untimely.

Plaintiff has not timely brought the present Motion. The Responses to the 4th and 5th Sets of Discovery Requests were submitted on September 5, 2023 and a supplement on November 14, 2023. The Plaintiff did not file the Motion until December 6, 2023, or three months after the discovery deadline and just under a month after the last supplement. While Plaintiff's Motion does not address any justification for the delay, at the hearing she proffers many reasons including she

was being patient given the changes in counsel, was working on others matters, was traveling and was filing other motions in this matter as discussed above. Plaintiff argued there was nothing more to be done, but the court disagrees. She could have filed a motion to compel after October 11, 2023 setting out Defendants' position on the outstanding issues and/or she could have filed a motion to extend the discovery deadline "Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it." *Cont'l Indus., Inc. v. Integrated Logistics Sols., LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). "Failure to pursue a discovery remedy in a timely fashion may constitute a waiver of discovery violations." *Id.*; *see e.g., Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (concluding that "[a] party cannot ignore available discovery remedies for months"). Moreover, travel is not an excuse to keep a case moving forward, especially where Plaintiff has two attorneys on this matter. While the court appreciates counsel's patience, substitutions of counsel were complete by April 2023. Additionally, despite trial in this matter not being imminent, the court has already previously allowed multiple amendments to the scheduling order and has also in the past allowed for partial discovery outside of the discovery deadline. This is a 2020 case that must move forward, and Plaintiff has failed to timely request outstanding discovery.

### d. The Defendants Addressed the Outstanding Discovery Request.

The court further finds, even if the Motion was timely brought, the Defendants met their obligations to respond.

#### 1. 4th Set of Discovery to Dr. Milne

RFP No. 30 resulted in a supplemental production of at least 18,000 documents (ECF 71) (Defendants claim 23,000+ documents were ultimately produced). Plaintiff does not disagree such a large production was produced but want Defendants to specifically identify within the

production, which documents are specifically responsive to RFP No. 30. Defendants respond that the production was done pursuant to search terms given the voluminous data Defendants had to search through. As a result, the parties agreed to a production with search terms, understanding some unresponsive information may be captured within the search terms. Defendants' response to RFP No. 30 is consistent with the above and also indicates the "documents were produced as searchable PDFs." As such, the court finds Defendants have responded to RFP No. 30 and declines Plaintiff's request to order a new search or identify specific bates numbers of responsive documents. While the court understands the production is large, Plaintiff is just as capable as Defendants in searching the documents.

The case Plaintiff cites, *Podium Corp. v. Chekkit Geolocation Servs. Inc.*, No. 2:20-CV-00352, 2022 WL 1773016 (D. Utah June 1, 2022)[1] is distinguishable. The court acknowledges the guidance set forth in the case that a "wholesale dumping of documents" may not generally be permissible, and when documents are voluminous the "responding party has an obligation to organize the documents in such a manner that the requesting party may determine, with reasonable effort, which documents are responsive to requests." *See id*. at *3. The circumstances do not run afoul of this case where the documents were produced in accordance with the search terms agreed to between the parties. Moreover, Plaintiff can determine which documents are responsive, as they are produced in response to RFP No. 30, and is capable of searching within the production.

RFP No. 31 seeks out a production or bates numbers of peer evaluations of Dr. Pingree referred to during the deposition on July 25, 2023, that were relied on in making the decision in December 2017 to not offer her a PGY2 position. Though Defendants objected that this is really

---

[1] The court notes Plaintiff often did not include a Westlaw or Lexis cite but rather, a local court docket cite making it difficult to track down the cases. To ensure the court is reviewing the correct case, counsel is reminded to include complete and correct citations. *See* DUCivR 7-2.

9

an interrogatory, they clarified they had previously produced by June 2023 (before the July 2023 deposition) peer evaluations which are grouped together, and they are all labeled. Defendants argue Plaintiff's request was to re-review materials that she did not bring with her to the depositions, and which were previously produced. The court agrees. Defendants have complied with their production obligation.

RFP No. 32 requests "to the extent you deny all or part of the requests for admissions below, please produce all documents your denial relies upon." Defendants' response is to refer Plaintiff to multiple ranges of documents. Milne only denied RFA Nos. 4 and 5, which asked, respectively: "Admit that you have no records reflecting dates Dr. Pingree was late to work or did not show up to work in 2017-2018," and "Admit that you have no records reflecting how many minutes or hours Dr. Pingree was late to work in 2017-2018." In the meet and confer letter and as confirmed at the hearing, Plaintiff indicated she was really "only seek[ing] documentation of Dr. Pingree's attendance in 2017-2018," and that none of the documents are attendance records. *See* ECF 71-7 at 2. However, attendance records are not what RFA Nos. 4 and 5 request. The court therefore finds Defendants responded to what was requested, which as Defendants argued in court, are approximately ninety-six (96) pages of documents where Plaintiff admitted to being late or note times she was late/or did not show, and emails that discuss these issues. Defendants have therefore complied with their production obligations and provided a response to the requests as written.

   2.  *5th Set of Discovery to the University*

ROG No. 20 requests that the University "set forth Wayne Samuelson's title, chain of command and job duties in every position he has held from 2012 to present." Plaintiff argues discovery has shown Dr. Samuelson made disparaging comments about Dr. Pingree, and she

10

therefore seeks to understand his basis for believing and making the comments and needs his job duties for each of his positions to have that understanding (ECF 71). After the meet and confer, the University provided a supplemental response which Plaintiff argues is still not complete and/or is evasive as the job duties of each position were not supplemented. While the job duties of each position were not provided, the University did explain his title and positions (ECF 71-9 at 2). At the meet and confer, Defendants asked about the relevance of the job duties, and it was also explained the purpose is about the basis of the statements. As a result, Defendants argue they supplemented ROG No. 6 and cited to the University's First Supplemental Response to Plaintiff's 3rd set of discovery requests (*see* ECF 73-3), which requests this same information and incorporated it to address the purpose of the request. Defendants therefore argue they complied.

Upon review, the first supplemental response to ROG No. 6 does not contain a specific response, instead it states: "The University is still working to obtain this information." ECF 73-3 at 5. This is the first supplemental response, but Plaintiff did include the correct document, the second supplement, which does provide the response (ECF 78-3 at 5–6). The court disagrees it does not address the purpose of the requested information noted by Plaintiff during the meet and confer. It discusses concerns of Dr. Pingree during the process of applying to medical school and in 2016 when she responded to Dr. Lee's request. While the court agrees the job duties were not provided, the University did provide supplemental information addressing the narrowed purpose of the request sought during the meet and confer.

ROG No. 23 requests that the University "state how many open residence positions there were for the Department of Radiology in 2016 before interviews began, how many of those positions were filed, and who was hired for those positions." Plaintiff argues the responsive is evasive. The court disagrees. The University adopted deposition testimony as its response. Plaintiff

11

argues such person must be a 30(b)(6) representative but fails to cite any such supporting authority. Plaintiff also cites to *United Auto. Ins. Co. v. Stucki & Rencher, LLC*, No. 2:15-CV-834 RJS, 2019 WL 2088537, at *4 (D. Utah May 13, 2019), arguing incorporation by reference to a deposition (in this case, that of Dr. Heilbrun (ECF 71-6 at 3), is not responsive when it includes numerous documents (ECF 78 at 9). The *United Auto* case states specifically:

> [T]he incorporation of outside material by reference in responses to interrogatories is evaluated on a case-by-case basis, and, as one district court has held, the judge has discretion to find such a response acceptable. Thus, it may be acceptable for a response to an interrogatory to refer to answers to other interrogatories or other discovery in order to avoid unnecessary repetition, but the referral must be clear and precise.

*Id*. No information was presented by Plaintiff on how long this deposition is and if it includes reference to numerous other documents. As explained by the University, the reference is to a deposition of Dr. Heilbrun where such information is addressed. The court finds the University has answered the question posed by reference to a 30(b)(6) deposition and that Plaintiff has failed to demonstrate such a response was too voluminous to determine the answer.

ROG No. 24 asks to the University to "state the positions held at the University since 2017 for each of the individuals in the Internal Medicine department who worked as chief residents from 2017-2019, including but not limited to Drs. Holmstrom and Raaum." The University objected that Drs. Holmstrom and Raaum were not chief residents during the period in question, and that the information is publicly available and therefore just as easily accessible to the University as it is to Plaintiff (ECF 71-4 at 3). Plaintiff argues the University must respond because she is not sure whom to search out as the information she has was wrong (the chiefs she referenced were not present during that time), and Defendants may object to admissibility of what she locates during trial. As to the latter, that is something that can be addressed at the time of trial, and Plaintiff has failed to provide any authority that is a basis for the court to find the response incomplete. Plaintiff

has also not demonstrated she is unable to find such information publicly, only that she is unsure of whom to search out. Defendants however provided the response to ROG No. 16, which identifies each chief medical resident during these years (ECF 73-3 at 14). The court finds the Defendants' response is permissible as set out in Federal Rule of Civil Procedure 33(a)(d).

ROG No. 25 asks the University to "identify the individual and positions of these individuals who have had access to input information into MedHub about Rita Pingree from 2012 to the present." After meeting and conferring, the University supplemented by referencing Melanie Powell's deposition (ECF 71-6 at 3), which Plaintiff argues is impermissible because this is not a 30(b)(6) deposition, and the response is incomplete. Plaintiff has not cited any authority such a response is impermissible as a discovery response. In reviewing the deposition testimony, Melanie Powell answered the question of who had access to MedHub, reviewed specific MedHub documents and addressed questions that made specific reference to Dr. Pingree (ECF 71-12 at 1-4). The court finds the response is permissible and complete.

Finally, in light of this ruling, the court declines to award fees as requested by Plaintiff.

For the reasons set forth above, the Motion is DENIED.

IT IS SO ORDERED.

DATED this 5 June 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah