IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION & ORDER DENYING [82] & [83] MOTIONS FOR SHORT FORM DISCOVERY<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

This action is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 14). Before the court are two Short Form Discovery Motions (hereinafter, Motions) (ECF 82 & 83) filed by Plaintiff Rita Florian Pingree (Plaintiff). The first Motion was filed on February 29, 2024, and relates to Defendant Caroline Milne (Milne). The second was filed on March 4, 2024, and relates to Defendant University of Utah (University).[1] Also before the court are the responses to the Motions filed by Milne and the University (hereinafter, Defendants) (ECF 84 & 85), along with the supplemental information requested by the court (*see* ECF 87 & 88). The court heard argument on the Motions on May 1, 2024, and took the Motions under advisement (*see* ECF 89). For the reasons below, the court DENIES the Motions.

I.      DISCUSSION

Plaintiff's Motion as to Milne seeks supplemental responses to ten requests for production (RFP) and five interrogatories (ROG) (ECF 82 at 1). The RFPs are Nos. 5, 10, 19, 20, 22, 23, 25,

---

[1] Prior to filing the Motions, Plaintiff first filed a motion for leave to file an overlength brief of twenty-one pages in support on February 9, 2024 (ECF 79). On February 23, 2024, the court denied the motion for overlength briefing (ECF 81). While the court notes the denial impacted the timeline of the Motions being filed, this delay is not significant given the overall untimeliness of the Motions as discussed herein.

1

26, 28, and 29, and were part of Plaintiff's third set of discovery requests (*see* ECF 82-2). The ROGs are Nos. 1, 8, 15, 17, and 20, from Plaintiff's second and third sets of discovery requests (*see* ECF 82-1 and 82-2). Plaintiff's second set of discovery requests to Milne was sent on January 18, 2022, and the third set of discovery to Milne was sent on April 17, 2023 (ECF 82-1 & 82-2). Both the second and third sets of discovery to Milne were responded to on June 14, 2023 (ECF 82-3). Supplemental responses were sent by Milne to both the second and third set of discovery on July 12, 2023 (ECF 82-4). Plaintiff also seeks attorney fees for the Motion (ECF 82 at 3).

Plaintiff's Motion as to the University requests supplemental responses to eleven RFPs and seven ROGs (ECF 83). The RFPs are Nos. 10, 11, 12, 14, 21, 22, 24, 29, 30, 31, and 32 from Plaintiff's third set of discovery requests (*see* ECF 83-3). The RFPs are Nos. 2, 3, 4, 8, 9, 14, and 15 from Plaintiff's second and third set of discovery requests (*see* ECF 83-1 & 83-2). Like Milne, the second set of discovery requests to the University was sent on January 18, 2022 (ECF 83-1), and the third set of discovery was sent on April 17, 2023 (ECF 83-3). Plaintiff received responses from the University to the second set on September 26, 2022 (ECF 83-2), and to the third set on June 14, 2023 (ECF 83-4), with later supplemental responses on July 12, 2023 (ECF 83-5). Plaintiff also seeks attorney fees for the Motion (ECF 83 at 3).

Plaintiff sent a meet and confer letter on November 1, 2023 (ECF 88-1), which Plaintiff argues took some time as it is intended to globally address the concerns with the second and third set of discovery requests to Milne and the University, and because she intentionally waited until the September 2023 productions to evaluate what was still outstanding. Defendants responded to Plaintiff's November letter on January 21, 2024 (ECF 88-2) noting the time it took to respond and the reasons for the delay, including the surprise at the issues that date all the way back to initial disclosures, and the fact that the letter was twenty-four single-spaced pages long.

Also relevant here is the close of fact discovery on September 2, 2023 (ECF 50). And no Motion to reopen discovery or extend any other deadlines was ever filed by Plaintiff. Having considered the relevant filings and arguments made by the parties, the court rules as follows.

## II.  LEGAL STANDARD

"Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ..'" *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, *1 (D. Utah May 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

Although Rule 37 does not specify any time limit within which a motion to compel must be brought, a party seeking to compel discovery must do so in a timely manner. *See Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, No. CIV-17-1309-D, 2020 WL 7033965, at *5 (W.D. Okla. Nov. 30, 2020). The Tenth Circuit has stated that district courts are afforded with "broad discretion" to determine the timeliness of a motion to compel, and they "[ordinarily], . . . defer to the discretion of the district court in deciding whether a motion is too tardy to be considered." *King v. Cellco Partnership*, No. 2:20-cv-00775-JNP-JCB, 2023 WL 1993875, at *4 (D. Utah Feb. 14, 2023) (citing *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012)).

Additionally, DUCivR 37-1(b)(2)(C) states that any discovery motion must be filed "no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause." "[F]ailure to meet these deadlines may result in automatic denial of the motion." *Id.*

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or

3

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if ... the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified ... or ... other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i-iii).

### III.  DISCUSSION

The initial meet and confer communications regarding the Motions were sent on November 1, 2023 (ECF 82 at 1; ECF 83 at 1). The close of fact discovery was September 2, 2023. This meet and confer letter was sent two months after the close of fact discovery. This is untimely. Plaintiff argues she was trying to be patient and wanting to give new counsel time to adjust, but the docket reflects that the current counsel filed their notice of appearance in April 2023 (ECF 45 & 46), at least six months prior to the November 1, 2023 meet and confer letter. Plaintiff also argues other work was occurring, like work in other cases, depositions and other work in this matter, but no motion to address the need for more time was filed here.

Moreover, the November 1, 2023, meet and confer letter was sent over four months after receiving the June 14, 2023 responses to both the second and third set of discovery from Milne and the University's responses to the third set of discovery (the second set to the University was responded to earlier in September 2022). This too is untimely.

Plaintiff issued the second set of discovery to Milne and the University in January 2022 (ECF 82-1; ECF 83-1), yet the present Motions were not filed until two years later in February and March of 2024. While the Plaintiff argues she was being patient, trying to give the Defendants

4

time to collect information, she did not timely pursue information. Allowing discovery to remain stagnant, without pursuing an amendment to the scheduling order, or filing motions to compel sooner, is not acting timely. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (concluding that "[a] party cannot ignore available discovery remedies for months").

Even if there was an unnecessary delay or failure to meet and confer on the part of Defendants (which the court does not find), the present Motions could also have been filed sooner as Defendants sent discovery responses in June 2023 and supplemental responses in July 2023, well before the September 2023 discovery cut off. *See Ellis v. Salt Lake City Corp.*, No. 2:17-cv-00245-JNP-JCB, 2022 WL 4484557, at *3 (D. Utah Sept. 27, 2022) ("[E]ven if the court excused Ms. Ellis's failure to comply with the requirement of a 'prompt written communication' under DUCivR 37-1(a)(2) by waiting 140 days to challenge Privilege Log #1, Ms. Ellis's short form discovery motion was still untimely filed, warranting automatic denial of the motion."); *see also Boulder Falcon, LLC v. Brown*, No. 2:22-cv-00042-JNP-JCB, 2023 WL 2914343, at *4 (D. Utah Apr. 12, 2023) (holding there is no good cause "for extending fact discovery based upon [a party's] failure to produce" when the moving party "failed to timely seek court intervention to remedy that failure").

Moreover, Plaintiff's Motions were filed on February 29, 2024 (ECF 82), and March 4, 2024 (ECF 83), nearly four months after Plaintiff's November 1, 2023 meet and confer letter which started the discussion, close to five months outside of the fact discovery deadline of September 2, 2023, and considerably outside of the forty-five-day allowance to bring forth the motions under DUCivR 37-1 (b)(2)(C). *See C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-00754, 2024 WL 1120162, at *4 (D. Utah Mar. 14, 2024) ("Here, the 'prompt' written communication was sent, at the latest, on February 25, 2022, when MedComp served its supplementary interrogatory

5

response . . . However, MedComp did not file its motion to compel until September 8, 2023—effectively six months later."). As DUCivR 37-1(b)(2)(C) states, the failure to meet the deadlines in the rule are grounds for automatic denial of Short Form Discovery Motions. The court hereby DENIES the Motions. The Motions are untimely under Rule 37 and DUCivR 37-1(b)(2)(C).[2]

Plaintiff does not directly argue good cause but does argue that the Motions are not untimely "[g]iven the complexity of the issues involved," other outstanding discovery issues, and other responsibilities like trial prep outside of this case (ECF 82 at 2–3; ECF 83 at 2–3). Plaintiff also raises that Defendants took over two months to respond to the letter (*id.*). Given the fact that it has taken Plaintiff over a year to move to compel any discovery in either the second or third sets of discovery on the Defendants, the court does not find that this constitutes good cause or that the Defendants behavior excuses Plaintiff's failure to timely act.

## IV. CONCLUSION AND ORDER

Accordingly, the court DENIES both Motions under Rule 37 and DUCivR 37-1 (b)(2)(C). Because the court denies the Motions, the court also DENIES Plaintiff's requests for fees.

IT IS SO ORDERED.

DATED this 4 June 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[2] Plaintiff argued at the hearing that the Motions were within the forty-day period set forth in DUCivR 37-1 (b)(2)(C) given that Defendants did not respond to her November letter until January 21, 2024. However, even if the court were to consider the response as the final communication, Plaintiff's November meet and confer letter itself does not qualify as "prompt" as Plaintiff received responses to her requests from Defendants at the latest over three months before sending the letter.