IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>                Plaintiff,<br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

      Before the court is Plaintiff's objection to a ruling by Magistrate Judge Romero. For the reasons that follow, the objection is overruled.

      Plaintiff conducted a deposition of Defendant University of Utah under Federal Rule of Civil Procedure 30(b)(6). In her deposition notice, Plaintiff indicated that she sought information about why Defendant did not hire her for the positions she had applied to from 2014 to 2018. During the deposition, Plaintiff's counsel sought to discuss why Plaintiff was not hired for a certain position for the 2018–2019 year. Defense counsel objected to this line of questioning as outside the scope of the deposition notice. The parties sought court intervention, and the magistrate judge sustained Defendants' objection. Plaintiff now objects to this ruling. *See* ECF No. 98.

      Under Federal Rule of Civil Procedure 72(a), this court may not set aside the ruling unless it was "clearly erroneous or … contrary to law." Whether a 30(b)(6) deponent may be asked about topics outside the scope of the deposition notice remains unsettled. The court has not found an appellate decision on the question, and district courts do not agree on the answer.

*Compare Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000) (reasoning that the 30(b)(6) deposition notice sets "the minimum about which the witness must be prepared to testify, not the maximum" (citing *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla. 1995))), *with Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 729 (D. Mass. 1985) (reasoning that "the procedures set forth in the rule and the reasons for the rule's adoption" imply that the topics listed in a 30(b)(6) deposition notice limit the scope of examination).

Since the law has not resolved whether a 30(b)(6) deposition may cover topics not listed in the deposition notice, the magistrate judge's ruling sustaining Defendants' objections to questioning beyond the listed topics is not contrary to law.[1]

Signed August 26, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Plaintiff also argues that defense counsel improperly instructed the 30(b)(6) witness not to answer questions about why Plaintiff was not hired for the 2018–2019 year. Under Federal Rule of Civil Procedure 30(c)(2), defense counsel should have noted their objection on the record but nonetheless allowed the witness to answer the questions. Nevertheless, because this court does not disturb the magistrate judge's ruling sustaining Defendants' objection regarding the scope of the examination, it declines to order any relief on this point.