IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>　　Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>District Judge Jill N. Parrish |

　　Plaintiff Rita Florian Pingree seeks sanctions against Defendant University of Utah under Rule 37(e) of the Federal Rules of Civil Procedure for allegedly deleting many years' worth of emails from her university-affiliated email account. However, she has not satisfied her burden of showing that the University spoliated the emails, either intentionally or negligently. Accordingly, the court denies her motion for sanctions.

## BACKGROUND

　　Dr. Pingree attended the University of Utah for college and medical school, graduating in 2012 with her medical degree. As a student at the University, she was provided a university-affiliated student email account hosted by Microsoft 365. Student email accounts remain active and accessible even after their users are no longer students at the University. ECF No. 57-14, at 6–7.

　　Following medical school, Dr. Pingree was employed as a preliminary intern at the University, first in surgery, then in internal medicine. She applied but was not accepted to a four-

year categorical residency program in internal medicine at the University. She then filed a charge of discrimination with the Equal Employment Opportunity Commission on the basis of age, sex, and national origin, along with a charge of retaliation, and sued in Utah state court. Defendants removed the case to federal court and raised failure to mitigate damages as an affirmative defense in their answer. It appears that around this time (October 2020), Dr. Pingree could access all the emails in her university email account without any problem.

In January 2023, Defendants sent Dr. Pingree an interrogatory asking her to describe any efforts she made to mitigate the damages she claimed from not being allowed to progress in the University's internal-medicine residency program. They also asked her to provide evidence that she would have successfully completed that program at the University, and documentation of her applications to other residency or similar programs at other institutions. When Dr. Pingree tried to find the documentation in her old emails, she discovered that all emails prior to January 2022 in her university account had disappeared. She believes that those prior emails are necessary for her to adequately litigate against Defendants' defense of failure to mitigate damages.

Dr. Pingree reached out to the University, which investigated the matter and asserted that no one except for her had accessed her account. It could not say why the emails had disappeared but provided her with copies of the various reports that it ran showing who had accessed the account when and what actions were taken. ECF No. 92-7. The University also offered to search other email accounts on its end to help Dr. Pingree find the missing emails. She did not respond to the offer, instead sending a Rule 30(b)(6) deposition notice to elicit testimony about the University's retention procedures for student email accounts. The University objected to these topics, and this court affirmed the magistrate judge's order sustaining the objection. ECF No. 93. Dr. Pingree maintains that she did not move or delete any of the emails she wants to recover.

Now, Dr. Pingree seeks sanctions against the University for spoliating her old emails—either intentionally by trying to delete her email account or at least negligently by failing to prevent the emails from being deleted. Specifically, she asks the court to (1) deny Defendants the opportunity to assert any affirmative defense of failure to mitigate damages; (2) allow her to depose the University about its email retention policies; or (3) enter a default judgment in her favor along with an award of attorney's fees.

## DISCUSSION

Spoliation is the "intentional destruction or significant alteration of evidence that is presumably unfavorable to the offending party" or the "failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273, 1309 (D. Utah 2016) (internal quotation marks omitted). Spoliation of electronically stored information is governed by Rule 37(e) of the Federal Rules of Civil Procedure.

A plaintiff claiming sanctions under Rule 37(e) must first show that the defendant "ha[d] a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Turner v. Pub. Serv. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (internal quotation marks omitted). Then, he must show that the defendant "failed to take reasonable steps to preserve [the evidence]." FED. R. CIV. P. 37(e). Finally, he must show that the evidence "cannot be restored or replaced through additional discovery." *Id.* If these criteria are met, then the court may "order measures no greater than necessary to cure [any] prejudice" to the plaintiff. FED. R. CIV. P. 37(e)(1). And if the court finds that the defendant "acted with the intent to deprive [the plaintiff] of the information's use in the litigation," then the court may impose more extreme sanctions, such as entering a default judgment against the offending party. FED. R. CIV. P. 37(e)(2).

The University does not dispute that it had a duty to preserve Dr. Pingree's email account after she filed a charge of discrimination with the Equal Employment Opportunity Commission. Rather, it argues that Dr. Pingree has not satisfied her burden of establishing that the University is responsible for the loss of her emails.

The court agrees. Dr. Pingree's motion attempts to establish the University's complicity in deleting her emails based on two spreadsheet entries in the investigative reports provided by the University. First, she observes that one of the entries on the activity log indicates that someone performed a "Move" action and that the user ID associated with that action is different from the user ID associated with all the other actions on the log.[1] Second, she points to a record on a different report indicating that HR submitted a "Terminate Account" request for her email account several months after she filed her charge of discrimination.[2] From these two entries, she infers that the University intentionally breached its duty to preserve her email account by seeking to delete the account at a time when it knew that litigation was imminent.

This evidence is insufficient for the court to conclude that the University failed to take reasonable steps to preserve her emails or that it deliberately tried to delete them. To begin, Dr. Pingree admits that it is not clear to her what the user IDs and action types mean on the first report. In effect, then, Dr. Pingree's motion points to an oddity in the report and surmises that the oddity constitutes evidence of the University's wrongdoing. The University, for its part, explained in an

---

[1] Pingree's user ID is u0462779@umail.utah.edu. ECF No. 57-14, at 2. That user ID is associated with all the other actions recorded on the activity log. These actions are of two types: either "UserLoggedIn" or "MailboxLogin." ECF No. 92-7, at 4. The user ID for the one "Move" action is slightly different: "u0462779@utah.edu." *Id.*

[2] She filed her charge of discrimination in March 2019, and this termination request was submitted a few months later in July. ECF No. 92-6, at 2.

interrogatory response that the action "Move" indicates that a user moved emails or folders within an email account. ECF No. 57-14, at 7. As for the "Terminate Account" request, the University explained in the same interrogatory response that this request is automatically generated by HR after a university employee leaves the University so that IT knows to remove that employee's access to his email account. But if the employee is also a student or alumnus, then IT does not remove access because students indefinitely retain access to their university email. *Id.* Here, Dr. Pingree was employed at the University as a preliminary intern, and the "Terminate Account" request coincided with the end of her internal-medicine preliminary-intern contract. But because she was also an alumnus of the University, IT did not remove her access to her email account (she does not dispute this fact). *Id.*

The two pieces of evidence Dr. Pingree relies on do not establish by a preponderance that the University either negligently or intentionally spoliated her emails. Just because the parties do not know what happened to her emails does not mean that the University is to blame. Without any other evidence to back up her story, Dr. Pingree fails to show an essential element for sanctions under Rule 37(e)—that the University "failed to take reasonable steps to preserve [the evidence]." FED. R. CIV. P. 37(e).

Separately, the University requests attorney's fees for having to defend against a speculative, baseless motion for sanctions, but it does not cite a rule, statute, or other basis for awarding attorney's fees.[3] The court construes its request for attorney's fees as a request for sanctions under Rule 11 of the Federal Rules of Civil Procedure. A request for sanctions under

---

[3] Under the American Rule, "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (cleaned up).

Rule 11, however, must be made in a separate motion. *See* FED. R. CIV. P. 11(c)(2). To obtain attorney's fees as a sanction, the University should have filed a cross-motion for sanctions in response to Dr. Pingree's motion, which would have given Dr. Pingree 21 days to withdraw her motion or otherwise bolster her claims. *Cf. Tetra Fin. Grp., L.L.C. v. Worldwide Printing & Distrib., Inc.*, No. 2:11-CV-778, 2012 WL 2577513, at *2 (D. Utah July 3, 2012) (suggesting that the defense lawyer against whom the plaintiff sought sanctions under 28 U.S.C. § 1927 should have filed a cross motion for sanctions to obtain attorney's fees for defending against the plaintiff's motion). The University did not do so, however, so the court declines its request for attorney's fees.

A final note: The court recognizes that it previously accepted the University's argument that Dr. Pingree's request to depose the University about its email-account retention policies and procedures—Topics 8 and 9 from her motion to compel discovery, ECF No. 53—was not proportional to the needs of the case. *See* ECF No. 93, at 6–8. The court does not disturb that ruling, but it notes that if Defendants intend to raise a failure-to-mitigate affirmative defense at trial (should this case proceed to trial), then they must provide Dr. Pingree at least one hour to depose a representative of the University about Topics 8 and 9 under Rule 30(b)(6). Depending on what Dr. Pingree learns from that deposition, she may renew her motion for spoliation sanctions upon completion of the deposition. She may also testify at trial to the jury about her missing emails and their impact on her ability to respond to the University's failure-to-mitigate defense.

## CONCLUSION AND ORDER

The court **DENIES** Pingree's motion for sanctions. The court also **DENIES** the University's request for attorney's fees.

Signed February 20, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
