IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Before the court are Plaintiff's and Defendants' various motions in limine ("MILs"). The court first addresses Defendants' motions and then addresses Plaintiff's motions.

## LEGAL STANDARD

"A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "Although such pretrial rulings can save time and avoid interruptions at trial, 'a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is inadmissible on all potential grounds . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Gilbert v.*

*Dolgencorp*, No. CIV-22-847-D, 2024 WL 3824804, at *1 (W.D. Okla. Aug. 14, 2024) (quoting *Wilkins*, 487 F. Supp. 2d at 1218) (citation modified).

## DEFENDANTS' MOTIONS IN LIMINE

### I.    MIL No. 1

Defendants' motion in limine No. 1 seeks to exclude Plaintiff's proposed Exhibit Nos. 40, 81, 113, 126, 127, 142, and 144. ECF No. 169. Defendants also seek to exclude testimony and argument on related due process and breach of express and implied contract claims that were dismissed. In essence, Defendants argue that because these exhibits, testimony, and argument relate to claims that are no longer part of the case, the court should "prohibit any mention of any obligation or failure on the part of Dr. Milne or the University to comply with the policies that make up these exhibits or any of the processes or practices embodied by them." *Id.* at 2.

In response, Plaintiff agrees to withdraw Exhibit Nos. 126 and 127. However, Plaintiff argues that Exhibit Nos. 40, 81, 113, 142, and 144 will be used to make pretext arguments, in which deviation from policies is relevant, or towards other ends. The court addresses each exhibit in turn.

*Exhibit Nos. 40 and 142* ("Standards of Performance and Evaluation Policy" and "Supervision Policy"). Plaintiff argues these exhibits are relevant to the remaining claims, as they showcase what standards and obligations existed for residents, supervisors, and program directors relating to evaluations and performance. In addition, Plaintiff asserts that deviation from policies relating to performance and feedback may support a pretext argument.

Defendants argue that the court has already held that these policies are inapplicable to Plaintiff because she was a preliminary intern rather than a categorical resident. Thus, they argue

2

the policies are (1) not relevant; or (2) if relevant, unduly likely to prejudice Defendants, to confuse or mislead the jury, or to waste the jury's time. *See* Fed. R. Evid. 401 and 403.

Defendants are correct as to the former point. With respect to Exhibit No. 40, this court held that the Standards of Performance and Evaluation Policy, created per GME 11.5 (Plaintiff Exhibit No. 127), applied only to categorical residents. Thus, whether the processes outlined within were followed are not relevant to Plaintiff's surviving claims. Plaintiff cannot be said to offer this policy to show "deviations from obligations" when Dr. Milne was not obligated to follow the policy with respect to Plaintiff. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). The same analysis applies to Exhibit No. 142. The court previously held that the Supervision Policy, created per GME 11.5 (Plaintiff Exhibit No. 127), also applied only to categorical residents.

The court accordingly GRANTS the motion in limine with respect to Plaintiff's Exhibits No. 40 and 142. The court also GRANTS the motion with respect to testimony and argument directly relating to claims that have been dismissed.

*Exhibit Nos. 81 and 113* (email chains). Plaintiff argues that these exhibits are relevant to the retaliation claim timeline by demonstrating communications occurring after Plaintiff engaged in protected activity. Defendants suggest that these exhibits are included to elicit testimony referencing the dismissed claims or to continue to claim that Defendants were obligated to follow the policies in Exhibits Nos. 40, 127, 127, 142, and 144. The court finds that the email chains in Exhibit Nos. 81 and 113 are relevant to the retaliation claim when used as Plaintiff asserts. The court also does not find the email chains to be unduly prejudicial, misleading, or a waste of time under Rule 403. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value

3

is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). The emails do not refer directly to the contested policies and could reasonably be used to establish a timeline with respect to the retaliation claim. The court accordingly DENIES the motion in limine with respect to Plaintiff's Exhibit Nos. 81 and 113.

*Exhibit No. 144* ("University Non-discrimination Policy"). Plaintiff asserts this exhibit is relevant to a potential pretext argument. The court agrees. Defendants' argument that the court found certain policies inapplicable to Plaintiff does not extend to the non-discrimination policy, which the court noted was applicable university-wide. The court accordingly DENIES the motion in limine with respect to Exhibit No. 144.

## II.    MIL No. 2

Defendants' motion in limine No. 2 seeks to exclude from trial any evidence, testimony, reference, or argument related to Plaintiff's proposed Exhibit No. 2 ("Unsigned Resident Charts"). ECF No. 170. Defendants argue that the exhibit is completely irrelevant to Plaintiff's remaining claims. Specifically, they argue that the unsigned resident chart was no longer sent to Dr. Milne by the time of Plaintiff's intern year, that the chart focuses only on unsigned charts, rather than the failure to write discharge summaries as Plaintiff is alleged to have done, and that the chart only applies to residents, not preliminary interns. Plaintiff responds that the chart is relevant to her claim that criticism about her alleged failure to submit discharge summaries was pretextual—other individuals had "document deficiencies that went unaddressed for months." ECF No. 204 at 2. While it may not be a one-to-one comparator, the court finds that the chart is nevertheless relevant to the pretext argument. *See Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 541 (10th Cir. 2014) ("When comparing different treatment of similarly-situated employees, 'the comparison

4

need not be based on identical violations of identical work rules; the violations need only be of comparable seriousness.'"). The court also agrees that the fact that the exhibit speaks to data from a few years before Plaintiff was a preliminary intern could still be relevant to continued practices as historical evidence. The jury can make a determination as to how much weight to give to this evidence, but it is clearly relevant.

The Rule 403 standard is also not met, as the court does not believe the introduction of the exhibit would confuse the jury, unduly prejudice Defendants, or waste significant resources. The court accordingly DENIES the motion in limine. ECF No. 170.

## III.    MIL No. 3

Defendants' motion in limine No. 3 seeks to exclude (1) Plaintiff's proposed Exhibit Nos. 116 (an IP lookup webpage), 122 (an audit report), and 141 (an account history report), which relate to Plaintiff's alleged missing emails, and (2) any testimony, reference, or argument about the alleged missing emails and Plaintiff's view that the University of Utah is the blame. ECF No. 171. They argue the exhibits and related testimony and argument are not relevant under Rule 401 and are unduly prejudicial under Rule 403.

In response, Plaintiff points to the fact that the court has already stated that Plaintiff may testify at trial about her missing emails. She argues that the exhibits provide relevant documentary evidence for that testimony. Further, she argues that the evidence relating to the missing emails is independently relevant to the retaliation claims: the audit records allegedly reveal suspicious activity occurring a few months after the EEOC charge was filed.

The court agrees with Plaintiff. The court has clearly held that Plaintiff may testify at trial about her missing emails and their impact on her ability to respond to the University's failure-to-mitigate defense. While Defendants note that they have informed Plaintiff that they will not be

raising the mitigation issue with respect to the time period that is relevant to the emails (the period between her stepping away from the second preliminary internship and her beginning her training in Switzerland), they nevertheless are reserving the right to raise a defense of mitigation as it relates to Plaintiff's efforts to find comparable cardiology employment (a time period that would run from when Plaintiff would have expected to become a board-eligible cardiologist in the U.S.). Plaintiff reasonably argues that Defendants stipulating to not raise a specific mitigation defense is not the same as admitting that Plaintiff adequately mitigated during that time. The exhibits here would be relevant to demonstrating why Plaintiff has limited support for her mitigation efforts over the years, even if Defendants only raise the mitigation defense with respect to a later time period.

The exhibits also appear relevant to Plaintiff's retaliation claim. Though the court found these exhibits were not sufficient to support a motion for sanctions, a jury may place different weight on such evidence. Relatedly, the court does not find the probative value of the exhibits to be outweighed by any danger of unfair prejudice. Defendants argue there is little probative value from the exhibits with respect to Plaintiff's claims, but as just stated, the exhibits appear relevant to the retaliation claim. Nor do Defendants provide any other argument as to why the danger of undue prejudice and misleading the jury are significant beyond their view that the exhibits are not relevant to any claim and thus will necessarily be used for an improper purpose. The court accordingly DENIES the motion in limine. ECF No. 171.

## IV.    MIL No. 4

Defendants seek to exclude Plaintiff's proposed Exhibit Nos. 38 and 134 because they claim the exhibits are irrelevant to Plaintiff's claims, distracting to the jury, and wasteful of trial time. ECF No. 172.

Exhibit No. 38 shows an erroneous data entry relating to Plaintiff on the online database used by the University. Exhibit No. 134 shows the corrected data entry. Defendants argue these exhibits are irrelevant as another university employee stated in a deposition that she was responsible for the error, rather than Defendants. As they assert, all of this related testimony is unrefuted and rehashing it will not advance Plaintiff's remaining claims. They also argue that it should be excluded under Rule 403 because Plaintiff has suggested that she *will* use Exhibit No. 38, that she only *may* use Exhibit No. 134, and that Defendants would thus need to muster rebuttal evidence to refute any suggestion that the University did not correct the error.

Plaintiff, in response, argues that the exhibits are directly relevant to her claims as they represent material facts relating to her residency status and opportunities. She also argues they are probative of Defendants' behavior relating to intent and pretext. Plaintiff also argues that the fact that another employee asserted she entered the error into the database goes to weight of argument rather than admissibility. The jury, of course, decides how much weight to credit evidence.

The court agrees with Plaintiff. Defendants appear to attempt to erase the clear relevance of these exhibits by arguing that "rehashing" the point will do little. That is not the standard. The exhibits have probative value, and Plaintiff may use them barring a danger of undue prejudice or other issues. *See* Fed. R. Evid. 401 and 403. Defendants have also acknowledged that they have a method to refute any characterization they disagree with. Defendants have not demonstrated that such a series of events would unduly waste trial resources or cause other convenience issues such that Rule 403 is applicable. The court accordingly DENIES the motion in limine. ECF No. 172.

## V.    MIL No. 5

Defendants seek to exclude Plaintiff's proposed Exhibit Nos. 5, 7, 45–51, and 55. Defendants assert that all the exhibits relate to Plaintiff's applications for residency with the

Department of Radiology. They argue that because any radiology claims are no longer part of this case, the court should exclude these exhibits and preclude any discussion of these dismissed claims. Beyond relevance, Defendants argue the exhibits would needlessly confuse the jury, waste time, and would "necessitate sidebars, limiting instructions, and collateral disputes over context and purpose." ECF No. 173 at 4.

Plaintiff asserts that she does not plan to re-argue the dismissed claims. Rather, she claims that the exhibits have additional relevance. In particular, she asserts the exhibits will be used as background evidence in support of her timely discrimination claims. *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.").

According to Plaintiff, Exhibit 7 clearly references that a Radiology department doctor made the decision not to rank Plaintiff based in part on information received from Defendant Milne's Internal Medicine department. Plaintiff asserts this exhibit thus is probative of discriminatory animus by Dr. Milne. Plaintiff, however, does not offer specific support for the other contested exhibits, though they relate to discussions taking place within the Radiology department.

Plaintiff also argues that the exhibits' probative value outweighs any danger of prejudice. She notes the court can provide jury instructions stating the radiology claims were dismissed and that the jury may only consider the evidence for the purpose of providing context to the surviving

claims. She further states that collateral disputes and limiting instructions are regular parts of trial and are not signs of unfair prejudice.

The court agrees with Plaintiff. While the court did hold that only Plaintiff's Title IX discrimination claim relating to Dr. Milne and Internal Medicine, as opposed to Radiology, may proceed, the contested exhibits here provide relevant, probative background evidence that may be used to support her extant Title IX claim. Exhibit No. 7 highlights this point, and the other exhibits provide additional context to Plaintiff's assertion that discriminatory animus may have existed within the Internal Medicine decision-making process. The fact that the inclusion of this exhibit may necessitate limiting instructions or give rise to collateral disputes does not necessarily mean that exclusion based on Rule 403 is appropriate. The court accordingly DENIES the motion in limine. ECF No. 173. The court will, however, consider a limiting instruction indicating that the jury may only consider the evidence for the purpose of providing context to the surviving claims.

## VI.    MIL No. 6

Defendants seek to exclude any evidence, testimony, reference, or argument related to Plaintiff's proposed Exhibit Nos. 157 ("But For Career Timeline 9.23.25") and 158 ("Actual Career Timeline 9.23.25"). ECF No. 174. These two documents were attached to Plaintiff Expert Ostrofe's expert report and were presented as proposed independent exhibits at trial. Defendants argue (1) that the documents lack personal knowledge or a reliable evidentiary foundation to be admissible as evidence per Federal Rules of Evidence 602 (relating to the personal knowledge requirement for witnesses) and 901 (relating to authenticating evidence); (2) that the documents are "rife" with irrelevant information, per Rule 401, and with speculation that makes the documents more unduly prejudicial than probative, per Rule 403; and (3) that the documents were not relied upon by the expert and thus should be excluded.

9

Plaintiff argues the documents are relevant aids that track the chronology that expert Ostrofe assumed and used to structure her economic-loss analysis. She also notes that the report does rely on the materials in some places. Plaintiff then asserts that if the court has any Rule 403 concerns about particular line items, redaction and limiting instructions could be employed. She offers that any date-of-birth reference or unnecessary biographical phrasing can be removed, resolving some of Defendants' objections. She also states that the prompts "to produce supporting documents" can be removed, resolving other objections. Finally, she offers that the court can give a limiting instruction that the documents are presented as aids to follow the expert's testimony, rather than as independent proof of each underlying fact.

The court first notes that the motion with respect to the "Actual Career Timeline" is now moot due to recent updates provided by Plaintiff. As noted at the February 12, 2026 hearing, the court has ordered both sides to update their expert reports with new information relating to Plaintiff's offers of employment, which will directly implicate the "Actual Career Timeline" document. The court accordingly DENIES IN PART the motion as moot.

With respect to the "But For Career Timelime," the court GRANTS IN PART the motion in limine. ECF No. 174. Despite Plaintiff's concessions that some material may be redacted and that the purpose of the documents is to aid the jury during the expert's testimony, the court finds that the document poses a significant danger of undue prejudice that overcomes any value it provides to the jury as an illustrative aid. After all, Plaintiff's expert may testify to the same information.

## VII.    Defendants' MILs Nos. 7 and 10 and Plaintiff's Notice under Fed. R. Evid. 902

In their motion in limine No. 7, Defendants seek to exclude Plaintiff's proposed Exhibit No. 187 (a Zurich Hospital salary table). ECF No. 175. They argue the exhibit is irrelevant and

unduly prejudicial because Plaintiff has produced no evidence establishing that she is employed by or will be employed by the hospital or institution to which the table applies. Thus, according to Defendants, the salary table has no tendency to make any fact of consequence more or less probable, while the table does create the risk of undue prejudice if the jury is led to believe that it represents a concrete measure of Plaintiff's earnings. *See* Fed. R. Evid. 401 and 403.

In their motion in limine No. 10, Defendants ask the court to prohibit Plaintiff from producing as an exhibit an updated Zurich Hospital salary table and to bar Plaintiff's attempt to allow her expert to re-do her expert report calculations based on the new document. ECF No. 184. Defendants note that on the day the motions in limine were due, Plaintiff attempted to substitute the new document in, given the original exhibit (Exhibit No. 187) includes outdated data. Defendants also note that they had previously stipulated to allow Plaintiff to submit her proposed trial exhibits a week late, but they now object to Plaintiff seeking to submit an exhibit beyond even the extended deadline.

Plaintiff responds that Defendants are not prejudiced, primarily because Plaintiff *may* not use the table because it appears likely that Plaintiff is soon to accept employment outside of Switzerland. If it is used, Plaintiff suggests that "either or both of the economic experts can simply add the new information into their calculations and testify accordingly." ECF No. 215 at 2. Plaintiff does not respond in substance to Defendants' argument that the original exhibit is irrelevant and unduly prejudicial.

Finally, Plaintiff has also submitted a notice of intent to offer evidence under Rule 902(5). *See* Fed. R. Evid. 902(5) (a "book, pamphlet, or other publication purporting to be issued by a public authority" is self-authenticating). The evidence Plaintiff intends to offer is the same updated chart relevant to Defendants' motion in limine No. 10. Plaintiff argues that the chart comes from a

11

government website and is thus eligible to be admitted under Rule 902(5). Defendants argue that Plaintiff has not sufficiently established that the document comes from a government website, with the website's primary page listing its contact information as the "Association of Swiss Assistant and Senior Physicians."

The court finds that the two motions in limine and Defendants' objections to Plaintiff's Rule 902(5) notice are now moot. As stated, the court has ordered both sides to update their expert reports with Plaintiff's employment offer information. The contested Swiss salary schedules are thus no longer relevant and will not be admitted.

## VIII.   MIL No. 8

Defendants seek to exclude Plaintiff's proposed Exhibit Nos. 25 and 84. The exhibits comprise Plaintiff's University of Utah's Office of Equal Opportunity ("OEO") complaint and Plaintiff's subsequent appeal pursuant to the grievance policy. ECF No. 176.

With respect to the OEO complaint, Defendants argue the exhibit contains allegations of other types of discrimination that were not pursued by Plaintiff, references events outside the scope of trial, and includes objectionable hearsay testimony. In addition, Defendants argue the OEO complaint contains many attachments that are objectionable, including counsel-created materials.

With respect to the grievance appeal, Defendants argue the exhibit contains references and arguments relating to dismissed claims, as well as attachments that contain policies that are not relevant to this litigation and a timeline that is counsel-created. As part of the appeal, for example, Plaintiff argued that she should have received the same contractual and due process protections embodied in the GME Policy 12.1. Plaintiff has agreed to exclude the GME Policy 12.1 document, but not the portions of the OEO complaint or grievance appeal that relied upon the same policy document to argue Defendants did not do what was required of them.

Plaintiff responds that both documents represent protected activities that Plaintiff undertook, which are relevant to her retaliation claims. *See O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1255 (10th Cir. 2001) (noting that attorney-drafted informal complaint letters were protected activity). As she argues, to serve that purpose, she does not need to prove all of the underlying claims of discrimination. Plaintiff also argues that the fact counsel created the documents is irrelevant in showing there was protected activity. With respect to the arguments that the exhibits contain hearsay, Plaintiff argues the exhibit shows Plaintiff's beliefs at the time she filed her complaints and also goes toward bias and motive on the part of the Defendants. She ultimately argues that limiting instructions will be sufficient in mitigating any potential prejudice or confusion, i.e., making it clear that evidence from these exhibits is admitted solely to establish that Plaintiff engaged in protected activity and that Defendants were aware of her complaints, not to prove the merits of the claims.

It is clear that the exhibits are relevant to Plaintiff's retaliation claim by establishing that she undertook protected activities. However, both documents also contain a significant amount of objectionable material, as Defendants note. Given the existence of other exhibits that show a complaint was filed and the extent of information within the complaint relating to claims either dismissed or not pursued, the court finds that a partial exclusion is warranted. The court orders that, barring the complaint cover page in Exhibit No. 25 (identified as "UofU 020638"), Exhibit Nos. 25 and 84 are excluded. The court will also consider a limiting instruction indicating that the jury may only consider the evidence for the purpose of establishing that Plaintiff engaged in protected activity and that Defendants were aware of her complaints. The court accordingly GRANTS IN PART the motion in limine. ECF No. 176.

13

IX.    **MIL No. 9**

Defendants move to exclude Plaintiff's proposed Exhibit No. 136, which contains all of

Dr. Milne's Letters of Reference ("LORs"). ECF No. 183. Defendants assert that Plaintiff intends

to introduce all of Plaintiff's LORs from Dr. Milne, even though Defendants assert that Dr. Milne

only sent Dr. Seelig two LORs. They further argue that allowing all the LORs in would confuse

the jury, making them believe that all the LORs have equal significance as related to the Seelig

situation.

Plaintiff argues that the changes in language from letter to letter are relevant to her

retaliation claim. Defendants minimize the import of those changes, but that is not the standard.

Plaintiff is correct that any changes from letter to letter may be relevant or probative. Even the

letter that was written after the other letters were sent to Dr. Seelig could be probative, informing

the jury's views on changes made to other letters. Ultimately, relevance is a low bar. The

availability of cross-examination and of arguments speaking to the weight of the evidence resolves

any undue prejudice concerns. The court accordingly DENIES Defendants' motion in limine. ECF

No. 183.

X.    **Defendants' Motion for Remote Testimony**

Defendants ask the court for leave to permit four out-of-state witnesses to testify remotely

at trial. ECF No. 217. The witnesses are Dr. Erica Jaffe Mulcaire-Jones, Ruby Redshaw, Amy

Kern, and Dr. Mahtab Sohravdi. Defendants state that the witnesses each possess material trial

testimony (primarily related to the authentication of records and fact testimony related to

causation), each reside outside the subpoena power for in-person attendance (anywhere from 525

miles to 1,600 miles away from the courthouse) (*see* Fed. R. Civ. P. 45(c)), and each would face

substantial hardship if required to travel (from expense, lost work time, and logistical disruptions

resulting from the two week trial). Plaintiff opposes the motion. She argues that Defendants have not shown good cause but rather only inconvenience and financial hardship.

Pursuant to Federal Rule of Civil Procedure 43(a), "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.*

The Tenth Circuit has noted that "courts have sometimes upheld the use of remote testimony in instances where the witness was located far from the site of the trial or hearing." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013). However, it is also true that "[m]ere inconvenience does not satisfy Rule 43(a)'s standard. Rather, 'the [R]ule contemplates situations where a witness cannot appear in person for unexpected reasons, such as accident or illness.'" *Blackmore v. Ramirez*, No. 4:21-CV-00026-AMA-PK, 2025 WL 1311121, at *1 (D. Utah May 6, 2025) (citing *Gil-Leyva v. Leslie*, 780 Fed. App'x 580, 587 (10th Cir. 2019) (unpublished)) (citation modified). "Other possible justifications for remote transmission must be approached cautiously." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

The court finds good cause for remote testimony via videoconferencing for Dr. Erica Jaffe Mulcaire-Jones, Dr. Mahtab Sohravdi, and Amy Kern, especially because the court will require oath and identify verification and Plaintiff will be able to cross-examine each witness. *See* Fed. R. Civ. P. 43(a). The court is cognizant of the advantages and importance of in-person testimony. However, it also recognizes that the trial at hand is scheduled for two weeks and the testimony of these three witnesses appears to be limited in scope or limited to authenticating documents. Requiring them to travel between 700 to 1,600 miles for a limited amount of testimony appears to

place a disproportionate burden on the three witnesses. Two of these witnesses are also full-time practicing physicians, and a significant disruption to their work duties will undoubtedly negatively affect their patients. There is thus good cause for remote testimony.

The court next considers the last witness at issue, Ruby Redshaw. At the February 12, 2026 hearing, Defendants suggested that if the court excludes the OEO Report as requested by Plaintiff's motion in limine No. 1, their request for Ms. Redshaw's remote testimony will be moot. As noted below, the court does find exclusion of the OEO Report to be appropriate, and the request for Ms. Redshaw's remote testimony is therefore moot.

The court does note, however, that if Defendants do still intend for Ms. Redshaw to testify, that testimony must take place in-person. Defendants assert that Ms. Redshaw is expected to provide "critical testimony" relating to the University's response to Plaintiff's complaints of discrimination. Given the more central nature of the testimony, the court does not find that there is good cause to allow remote testimony for Ms. Redshaw.

The court thus GRANTS IN PART Defendants' motion, providing leave for Dr. Erica Jaffe Mulcaire-Jones, Dr. Mahtab Sohravdi, and Amy Kern to testify remotely at trial, per the proposed remote testimony procedures set forth in Defendants' motion. ECF No. 217. The court, however, also DENIES IN PART as moot Defendants' motion with respect to Ruby Redshaw.

## PLAINTIFF'S MOTIONS IN LIMINE

### I.    MIL No. 1

Plaintiff moves to exclude Defendant's proposed Exhibit No. 298, the final report from the University of Utah's Office of Equal Opportunity ("OEO"). ECF No. 177. Plaintiff argues that the probative value of the report, which concluded there was insufficient evidence to support Plaintiff's discrimination claim, is substantially outweighed by the danger of unfair prejudice,

confusion of issues, and misleading the jury, and (2) it is either inadmissible hearsay, or if not offered for the truth of the matter asserted, irrelevant. *See* Fed. R. Evid. 402, 403, and 802.

Plaintiff cites to *Tuffa v. Flight Services & Systems, Inc.*, in which the Tenth Circuit held that a district court did not abuse its discretion when it excluded an Equal Employment Opportunity Commission ("EEOC") report. 644 F. App'x 853, 855 (10th Cir. 2016) (unpublished). The district court had reasoned that the jury might be "overly influenced" by the EEOC report and that the EEOC applied a different standard of proof than the standard to be applied by the jury, leading to likely confusion. *Id.* at 856. Central to the court's ruling was that the perceived expertise of the EEOC would unduly impact the jury's perception. *Id.*

Defendants, in response, argue that various factors distinguish the case at hand from *Tuffa*. First, they point to the OEO report being internal to the University of Utah. Defendants suggest they are able to bring in the relevant parties to testify to the report's contents, allegedly resolving most of the document's hearsay issues. They further assert that the risk of undue prejudice is lessened because the report comes from a named defendant in the case. They also assert that the OEO report applies the same standard (preponderance of evidence) as the jury is tasked with applying. This, they claim, reduces the risk of juror confusion.

Defendants also argue that it is premature for the court to decide categorical exclusion because the precise purpose and context of any use of the report is still yet unknown. They argue that the court can make a more context-specific ruling during trial. They next argue the report is highly probative. They contend that the report is evidence that the recordings between Plaintiff and Defendant Milne can be interpreted in two different ways, which would support Defendants' argument that the recordings are not direct evidence of discrimination. They also assert the report

can corroborate live witness testimony. Finally, Defendants argue that if Plaintiff is able to introduce her OEO complaint, the whole OEO investigation should come in.

The court finds that the OEO report should be excluded, as it is unduly prejudicial, contains a significant amount of hearsay, and is likely to result in jury confusion. The report in large part comprises hearsay (that is filtered through the lens of an employee of a defendant), and its official nature may lead a jury to provide it with disproportionate weight. Moreover, the report's conclusions reflect its author's views on witness credibility, determinations which unmistakably belong to the factfinder—the jury. Defendants do, however, highlight limited non-hearsay uses of the report. Accordingly, Defendants may raise those potential uses to the court if they arise, and the court will consider them on a case-by-case basis. The court thus GRANTS the motion in limine. ECF No. 177.

## II.     MIL No. 2

Plaintiff seeks to exclude Defendants' proposed Exhibit Nos. 210, 225, and 227. ECF No. 179. Plaintiff argues that the exhibits are email chains that have significant portions redacted. She contends that (1) they should be excluded as inadmissible hearsay; (2) they cannot be properly authenticated per Rules 602 or 901 because the sender of each email has been redacted; and (3) they are unduly prejudicial and confusing because the jury cannot properly weigh the evidence without some of the redacted information.

In response, Defendants note they have substituted unredacted versions of the exhibits and have provided Plaintiff a copy of those documents. Defendants assert that at a subsequent meet and confer conference, Plaintiff's counsel stated that she did not object to the substitution. The court thus DENIES the motion in limine as moot. ECF No. 179.

18

### III.    MIL No. 3

Plaintiff seeks to exclude part of Defendants' proposed Exhibit No. 270. ECF No. 180. Specifically, she seeks to exclude from trial a chart labeled "Dr. Edwards rank list from 17-18." Plaintiff states that the chart at issue purports to rank residents based on their evaluations.

Plaintiff first argues that the chart should be excluded because there is no proof of authenticity per Federal Rule of Evidence 901. She states that without testimony from a witness with personal knowledge of how the chart was created and what it purports to show, it is unauthenticated and inadmissible. Second, she argues that it should be excluded under Rule 403. She contends the probative value is minimal given the unknown source, methodology, and meaning. She also contends that the risk of unfair prejudice and confusion are high, for those same reasons.

Defendants respond that the authenticity and foundation for the chart can be laid at trial by a number of witnesses or through comparing the chart to other documents. The court agrees with Defendants that excluding the chart now would be premature, especially in light of the fact that the parties are further conferring on a potential stipulation as to the chart's admissibility. The court thus defers ruling on admissibility of the chart pending a stipulation or until it can evaluate the foundation for the chart at trial.

### IV.    MIL No. 4

Plaintiff seeks to exclude Defendants' proposed Exhibit No. 279. ECF No. 181. The exhibit is Plaintiff's divorce decree and associated income and payments evidence. Plaintiff first argues that the decree and the associated evidence should be excluded under the collateral source rule. Plaintiff next argues that if Defendants seek to use the exhibit for reasons other than to reduce their

liability, the exhibit should be excluded under Rules 401 and 403 for lack of relevance and undue prejudice.

Defendants respond that they do not intend to use the exhibit to mitigate or offset damages. Rather, they state the decree is directly relevant to important factual disputes—namely, whether Plaintiff "truly would have left Utah for an out-of-state residency but for Dr. Milne's alleged promise, whether she was damaged if Dr. Milne's conduct affected her chances at Greenwich, and whether Plaintiff's contemporaneous representations regarding her financial and familial circumstances were accurate." ECF No. 202 at 2. In sum, they claim the exhibit bears on Plaintiff's claimed career choices, causation, and credibility.

Given the significant risk of undue prejudice, especially resulting from its reference to substantial payments to Plaintiff taking place long before the events relevant to this case, the court finds it preferable to provide specific jury instructions as to the contents of the divorce decree as opposed to introducing the decree itself. The court thus finds that exclusion of the divorce decree is warranted, though the court may consider permitting Defendants to raise specific impeachment or credibility uses of the decree to the court at trial. The court accordingly GRANTS the motion in limine. ECF No. 181.

## CONCLUSION AND ORDER

For the above reasons, the court hereby ORDERS:

1. Defendants' MIL No. 1 is GRANTED IN PART and DENIED IN PART. ECF No. 169.

2. Defendants' MIL No. 2 is DENIED. ECF No. 170.

3. Defendants' MIL No. 3 is DENIED. ECF No. 171.

4. Defendants' MIL No. 4 is DENIED. ECF No. 172.

5. Defendants' MIL No. 5 is DENIED. ECF No. 173. The court will, however, consider a limiting instruction indicating that the jury may only consider the evidence for the purpose of providing context to the surviving claims

6. Defendants' MIL No. 6 is GRANTED IN PART and DENIED IN PART as moot. ECF No. 174.

7. Defendants' MIL No. 7 is DENIED as moot. ECF No. 175.

8. Defendants' MIL No. 8 is GRANTED IN PART. ECF No. 176. The court will consider a limiting instruction indicating that the jury may only consider the evidence for the purpose of establishing that Plaintiff engaged in protected activity and that Defendants were aware of her complaints.

9. Defendants' MIL No. 9 is DENIED. ECF No. 183.

10. Defendants' MIL No. 10 is DENIED as moot. ECF No. 184.

11. Defendants' Motion for Remote Testimony is GRANTED IN PART and DENIED IN PART as moot. ECF No. 217.

12. Plaintiff's MIL No. 1 is GRANTED. ECF No. 177.

13. Plaintiff's MIL No. 2 is DENIED as moot. ECF No. 179.

14. A ruling on Plaintiff's MIL No. 3 is DEFERRED. ECF No. 180.

15. Plaintiff's MIL No. 4 is GRANTED. ECF No. 181.

In addition, as stated in the February 12, 2026 hearing, Plaintiff is to provide to defense counsel all offers of plaintiff's employment by the evening of Saturday, February 14, 2026. Plaintiff will then sit for a two-hour deposition by Monday, February 16, 2026. The parties will then have until February 23, 2026, to exchange revised expert reports that incorporate the newly-disclosed information. Defendants are not to engage in any communication with any third party regarding

21

plaintiff's offers. Given the court's order for parties to exchange updated expert reports, the court

further ORDERS:

16. Defendants' Rule 702/Daubert Motion is DENIED as moot. ECF No. 178.

17. Plaintiff's Rule 702/Daubert Motion is DENIED as moot. ECF No. 185.


Signed February 13, 2026.

BY THE COURT


_____
Jill N. Parrish
United States Chief District Judge