IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTION TO EXCLUDE DEFENDANTS' NON-RETAINED EXPERTS**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Before the court is Plaintiff's motion to exclude Defendants' non-retained experts from offering expert opinion testimony at trial: Dr. Caroline Milne, Dr. Mark Harris, and Dr. Anees Daud. ECF No. 186. Plaintiff argues (1) that Defendants' disclosures with respect to each of these witnesses are insufficient and (2) that designating Dr. Milne as an expert witness would be unduly prejudicial. Defendants oppose the motion. ECF No. 191.

## LEGAL STANDARD

Unlike retained experts, non-retained experts are not required to provide a written report unless their "duties as a party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). If the expert witness is not required to provide a written report, the witness instead is required to provide a disclosure stating: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Relevant here, "[t]he advisory committee notes of the 2010 amendment state that a disclosure under Rule 26(a)(2)(C) is 'considerably less extensive than the [retained expert] report required by Rule 26(a)(2)(B)' and further warns courts to 'take care against requiring undue detail.'" *Marland v. Asplundh Tree Expert Co.*, No. 1:14-CV-40 TS, 2017 WL 477726, at *1 (D. Utah Feb. 3, 2017) (citation modified). Accordingly, "[c]ourts have found the requirements to be relatively minimal. Generally, if a party provides 'a brief account that states the main points' and effectively 'obviate[s] the danger of unfair surprise,' the disclosures will meet the 26(a)(2)(C) requirements." *Id.* In explicating this standard, the Tenth Circuit noted that other circuit courts have generally "faulted parties only when they have filed disclosures 'so generic, unhelpful, and boilerplate [that] they could apply to . . . virtually any case.'" *Vincent v. Nelson*, 51 F.4th 1200, 1216 (10th Cir. 2022).

However, "a party 'cannot satisfy its obligations under Rule 26(a)(2)(C) by merely pointing to large swaths of information, like general references to otherwise unidentified deposition testimony.'" *ClearOne, Inc. v. PathPartner Tech., Inc.*, No. 218CV00427JNPJCB, 2022 WL 1063733, at *13 (D. Utah Apr. 8, 2022) (quoting *Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-CV-01827-REB-KLM, 2021 WL 1759638, at *3 (D. Colo. Feb. 18, 2021)). "Moreover, 'an adequate summary of opinions alone [does not] absolve a disclosing party of the obligation to identify the factual basis for those opinions.'" *ClearOne*, No. 218CV00427JNPJCB, 2022 WL 1063733, at *13 (quoting *Nosewicz v. Janosko*, No. 16-CV-00447-PAB-KLM, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019)).

# DISCUSSION

I.  **Defendants' Designations Under Federal Rule of Civil Procedure 26(a)(2)(C)**

The court finds that Defendants' expert disclosures comfortably satisfy the requirements outlined in Rule 26(a)(2)(C). Each description contains sufficiently detailed summaries of the facts and opinions to which the witnesses are expected to testify. *See Vincent*, 51 F.4th at 1216.

Dr. Milne's designation states she is expected to testify "regarding her assessment of Dr. Pingree's performance" and whether "Dr. Pingree would have been a competitive applicant" for Cardiology fellowships in the United States. ECF No. 186-1 at 3. The designation provided notice that she will base her opinions on her experience as the former director of the Internal Medicine residency program and that she will rely on her own experience as well as other documents produced during discovery. *Id.* Furthermore, the designation states Dr. Milne's testimony is expected to be consistent with her deposition testimony. *Id.* at 4; *see Vincent*, 51 F.4th at 1217.

Similarly, Dr. Harris's designation states that Dr. Harris will testify "regarding the assumption made by Dr. Pingree's expert that Dr. Pingree would have been a competitive candidate for the University of Utah Cardiology fellowship." ECF No. 186-1 at 7–8. The designation then goes into detail about the facts and opinions he is expected to discuss as well as what he will base such testimony on.

Finally, Dr. Daud's designation states that Dr. Daud will provide testimony regarding "the assumptions made by Dr. Pingree's expert that, but for the alleged actions of Dr. Milne and the University of Utah, Dr. Pingree would have completed her Internal Medicine residency on June 30, 2020, her Cardiology fellowship on June 30, 2023, and subsequently become a board-certified cardiologist." *Id.* at 10. It proceeds to discuss the facts and opinions he will testify to, including the factors relevant to fellowship placement and the review process for cardiology applicants. *Id.*

His designation also speaks to the basis of his opinions, including his experience as Program Director of the University's Cardiovascular Disease Fellowship and his "specialized experience" directing cardiology fellowship programs and evaluating resident and fellow performance. *Id.* at 9. Plaintiff's claim that the designation lacks indicia of a reliable method or factual analysis to support his opinion is thus unconvincing.

Overall, despite Plaintiff arguing that each of these designations fail to provide sufficient facts, the court finds that the designations provide enough detail to obviate any danger of unfair surprise. *See Marland*, No. 1:14-CV-40 TS, 2017 WL 477726, at *1.

## II.     Defendants' Use of Dr. Milne as a Dual-Role Witness

Plaintiff also argues that designating Dr. Milne as an expert witness would be unduly prejudicial. ECF No. 186 at 4. Plaintiff argues that because Dr. Milne is a fact witness and a named defendant, there is a significant risk the jury will give undue weight to her opinions if she is also designated by the court as an expert. Plaintiff asserts that the risk of unfair prejudice resulting from this dual role cannot be cured by cross-examination alone. Defendants respond that federal courts routinely permit dual-role testimony. ECF No. 191 at 10. They also note that Dr. Milne's expert opinions are confined to matters related to Plaintiff's cardiology fellowship competitiveness, which arise only in the context of Plaintiff's damages assessment rather than her liability claims.

In considering the propriety of a dual-role witness, courts have considered (1) if the witness was subject to "thorough cross-examination" and (2) if the jury was informed of the dual role through adequate safeguards. *See United States v. Simpson*, 152 F.3d 1241, 1250–51 (10th Cir. 1998). In particular, courts have at times considered it adequate for the dual-role witness to first testify as fact witness, before taking a second trip to the stand as an expert with a cautionary instruction in place. *See United States v. Baptiste*, 596 F.3d 214, 224 (4th Cir. 2010). The Ninth

Circuit has outlined its interpretation of adequate safeguards by stating: "The district court must 'engage[ ] in vigilant gatekeeping' to ensure that 'jurors are aware of the witness's dual roles.' District courts must instruct jurors about how to evaluate a dual-role testimony. The dangers of dual-role testimony can also be mitigated by separating testimony into lay and expert phases, requiring specific foundation testimony, and preventing witnesses from engaging in speculation, conveying hearsay, or interpreting clear statements." *United States v. Holguin*, 51 F.4th 841, 862 (9th Cir. 2022) (citation modified).

However, courts have largely confronted this issue in the criminal context or the context of an attorney's dual role. *See, e.g.*, *Zell v. Klingelhafer*, No. 13-CV-458, 2017 WL 11634918, at *1 (S.D. Ohio Feb. 6, 2017). The court has not found any on-point case law with respect to a dual-role witness also being a named defendant in a civil case. *See, e.g.*, *Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2024 WL 1348220, at *1 (S.D. Ind. Mar. 29, 2024) (considering the dual-role testimony of two witnesses in a civil case, though neither was a named party).

Though a lack of prior case law permitting the practice in this context is not dispositive, the court nonetheless finds that Dr. Milne serving as an expert witness in addition to a fact witness while being a named defendant is unduly prejudicial and likely to confuse the jury. *See United States v. Hernandez*, 104 F.4th 755, 760 (10th Cir. 2024) (stating that Rule 702 "allows expert testimony only if it . . . would help the fact-finder understand the evidence"); *id.* ("The district court has wide discretion to admit or exclude expert testimony.").

The court finds that even the implementation of safeguards and limiting instructions directing the jury to only consider Dr. Milne's expert testimony for certain issues would not completely separate the issues in a way that would prevent undue prejudice against Plaintiff.

Defendants assert that, as a designated expert witness, Dr. Milne will provide her assessment of Dr. Pingree's performance during her time in the Internal Medicine program, including her clinical performance, professionalism, milestone achievement, and faculty evaluations. But that testimony is more accurately characterized as fact testimony regarding the decisions Dr. Milne made based on her observations of Dr. Pingree at the time. Therefore, the court sees no reason to formally declare that Dr. Milne qualifies as an expert and is concerned that declaring her an "expert" would improperly bolster her credibility as a fact witness. Ultimately, the testimony she would provide as an expert witness would undoubtedly influence how a jury views Plaintiff's liability claims, even if framed as only relating to Plaintiff's competitiveness for cardiology fellowships with respect to damages. The court's decision to exclude Dr. Milne's "expert testimony" is further supported by the partial overlap in expert testimony, experience, and qualifications provided by Defendants' two other non-retained experts.

## CONCLUSION

For the reasons above, the court GRANTS IN PART and DENIES IN PART Plaintiff's motion. ECF No. 186. Dr. Milne may testify as a fact witness regarding the decisions she made and her own assessment of Dr. Pingree's performance. But the court excludes Dr. Milne from testifying as an expert witness as to how others may have perceived Dr. Pingree's performance or qualifications or as to Dr. Pingree's competitiveness for other cardiology fellowships.

Signed February 23, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge