IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>     Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S § 1983 EQUAL PROTECTION CLAIM**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Before the court is Defendants' motion to dismiss Plaintiff's § 1983 Equal Protection claim. ECF No. 255. For the following reasons, the court denies the motion.

Defendants' motion is premised on a single statement Plaintiff makes in a reply brief to an unrelated motion to exclude certain Defendant fact witnesses. In that brief, Plaintiff's counsel states that "Dr. Pingree's claims are not about disparate treatment of single mothers in residency; her claims focus solely on her experience as a single mother attempting to get a categorical residency in Internal Medicine at the University of Utah." ECF No. 252 at 10. Defendants argue that because they view Plaintiff's statement as disclaiming her claim involves disparate treatment of a protected class, Plaintiff can no longer state the § 1983 equal protection claim as a matter of law.

The court declines to read Plaintiff's statement as disclaiming her claim involves disparate treatment of a protected class. Plaintiff, in response, appears to argue that the statement at issue only described her argument that she is not required to prove every other single mother who was

a resident or applicant for residency was discriminated against. The court finds this to be a reasonable interpretation of the statement. It is not describing a "class-of-one" claim. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008) (defining a class-of-one claim as "a claim under the Equal Protection Clause . . . alleging that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class"). And, Plaintiff is correct in that she is not required to prove every single mother was discriminated against, only that she was discriminated against based on her membership in a protected class. *See Bird v. W. Valley City*, 832 F.3d 1188, 1208 (10th Cir. 2016). Accordingly, the so-called motion to dismiss is denied.[1]

## CONCLUSION

For the reasons above, the court DENIES Defendants' motion. ECF No. 255.


Signed February 26, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge

---

[1] Defendants filed the motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) motions must be made before pleading if a responsive pleading is allowed. Thus, this motion is not properly considered a 12(b)(6) motion to dismiss. However, because the court signaled at the final pre-trial conference that Defendants may file a motion relating to this issue, the court considers the motion as a motion in limine.