IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ON REQUEST FOR JUDICIAL NOTICE**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Before the court is Defendants' motion for the court to take judicial notice of certain facts pursuant to Federal Rule of Evidence 201. ECF No. 203. For the following reasons, the court denies Defendants' motion.

## LEGAL STANDARD

Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## DISCUSSION

Defendants ask the court to take judicial notice of various "facts" from the court's prior summary judgment ruling. *See* ECF No. 157. They cite only to *Osage Tribe of Indians of Oklahoma v. United States*, in which the court stated that "[i]t is settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to

matters occurring in the immediate trial, and in previous trials and hearings." 95 Fed. Cl. 469, 472 (2010). The court in that case, however, was discussing a decision to take judicial notice of testimony from a prior proceeding in the same matter. *Id.*

Here, the court does not find it appropriate to take judicial notice of certain statements from its summary judgment ruling. While Defendants characterize these statements as facts, the court was not making findings of fact. Rather, it was determining if the parties had identified genuine disputes of material fact such that the movant was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). And, parties are not obligated to dispute every fact in the procedural context of a summary judgment motion. Indeed, parties sometimes choose not to contest certain facts for purposes of summary judgment. But that does not prevent them from challenging those facts at trial. Accordingly, the court finds that Defendants have not met their burden of showing that these "facts" are not subject to reasonable dispute. Fed. R. Evid. 201(b). The court may, however, where appropriate during the course of the trial, instruct the jury with respect to its prior legal rulings on issues or claims.

## CONCLUSION

For the reasons above, the court DENIES Defendants' motion. ECF No. 203.

Signed February 26, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge