IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF UTAH and CAROLINE MILNE, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTION TO EXCLUDE DR. MELISSA WHIPPLE AND DR. MAHTAB SOHREVARDI** <br><br> Case No. 2:20-cv-00724-JNP-CMR <br><br> Chief District Judge Jill N. Parrish |

Before the court is Plaintiff's motions to exclude two of Defendants' fact witnesses: Dr. Melissa Whipple and Dr. Mahtab Sohrevardi.[1] ECF Nos. 233, 239. Defendants oppose the motions. ECF Nos. 249, 250. For the following reasons, the court DENIES the motions.

## BACKGROUND

The circumstances surrounding each of these two fact witnesses are largely the same. In Plaintiff's second set of discovery requests, she asked Dr. Milne to "[i]dentify all female applicants who you accepted into the Internal Medicine residency program between 2012 and present. Of the residents identified, indicate which, if any, were single mothers at any point during their residency." ECF No. 233-2 at 6. On June 14, 2023, Dr. Milne responded, stating the interrogatory as a whole was overbroad, irrelevant, and not proportional to the needs of the case given the number of individuals who are in the residency program every year. ECF No. 233-3 at 2. However,

---

[1] When referring to the latter witness, Defendants, and consequently Plaintiff, oscillate between "Dr. Sohravdi" and "Dr. Sohrevardi" (sometimes even from one sentence to the next). *See* ECF No. 234 at 34. It appears to the court that the witness's name is Dr. Mahtab Sohrevardi.

the response also stated that Dr. Milne "recalls Melissa Whipple and Mahtab Sohrevardi were single mothers who successfully completed categorical residencies in Internal Medicine." *Id.* While Plaintiff had also requested contact information for any named individuals as part of the request, Defendants did not provide anything beyond the two names.

In a later meet-and-confer letter (that was ultimately ruled untimely), Plaintiff requested that Dr. Milne provide the additional information. ECF No. 233-4 at 4. Defendants responded on January 21, 2024. They stated:

> We disagree with your characterization of Milne's interrogatory responses as being insufficient or incomplete. Contrary to what you claim in your letter, Dr. Pingree has never made the claim that she was discriminated against solely on the basis of her gender. Her claim has always been based on her status as a "divorced, single mother." And, as it regards that status, Dr. Milne did identify the former residents, by name, for whom she was aware might be similarly situated at least as it relates to being single mothers. Notably, neither of these individuals were competing for or performing their residencies during any of the years at issue relating to Dr. Pingree. Further, even though neither were linked in time, you asked Dr. Milne about her relationship with one of the individuals (Kim Morely) when you deposed her, and Dr. Milne testified that she believed that her relationship had been, and continued to be, positive and supplied you with the facts supporting her assertion. Thus, you have been given complete information relating to any potentially similarly situated females, which is what you asked for, and also you had the opportunity to explore any line of questioning you desired regarding these individuals with Dr. Milne but you only asked about Dr. Morely.

ECF No. 233-5 at 4–5.

On February 10, 2026, Defendants moved for leave for Dr. Sohrevardi to testify at trial remotely. ECF No. 217. On February 17, 2026, Defendants named Dr. Whipple as a witness they intend to call. ECF No. 234 at 34.

## LEGAL STANDARD

"[A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party

may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "A party who has made a disclosure . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37(c)(1) "addresses a party's failure to disclose or supplement initial disclosures, providing that, '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). "[T]he determination of whether a Rule 26(a) [or (e)] violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* (quoting *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191–92 (10th Cir. 2009)).

The Rule 37(c)(1) inquiry "depends upon several factors that a district court should consider in exercising its discretion." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011). These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

## DISCUSSION

Plaintiff asserts (1) that Defendants did not disclose either Dr. Whipple or Dr. Sohrevardi

in their initial disclosures and (2) that Defendants did not supplement their disclosures, even after identifying these two individuals in response to a discovery request. Thus, according to Plaintiff, neither witness was properly disclosed, and under the *Woodworker's* factors, the disclosure failure is not justified or harmless.

First, it does appear that neither witness was properly disclosed. While Plaintiff may have been on notice that Defendants may call either of the two witnesses based on Defendants' response to the early discovery request, Defendants never supplemented their disclosures with respect to these two witnesses and did not provide any contact information for the two witnesses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), 26(e)(1). Plaintiff's decision to not seek court intervention during discovery or the fact that Plaintiff's second request for the information was within an untimely meet-and-confer letter do not, by themselves, cure Defendants' disclosure deficiencies.

The court thus considers the *Woodworker's* factors to determine if the disclosure failure was justified or harmless. Plaintiff first argues that the prejudice and surprise from allowing these two witnesses to testify are high. She notes that Defendants did not provide the witnesses' contact information even when it was twice requested and that Plaintiff was allegedly led to believe these witnesses were not relevant based on Defendants' discovery responses and actions. Thus, Plaintiff alleges she did not have adequate opportunity to investigate the witnesses.

While Defendants did not properly disclose these two witnesses, the court credits Defendants' argument that any surprise or prejudice is largely mitigated by the fact that Defendants did name these witnesses in their initial response to the early discovery request.[2] Indeed, the

---

[2] Defendants incorrectly assert that they moved for Dr. Whipple to be able to testify remotely, but they only did so for Dr. Sohrevardi. ECF No. 217. The court flags this point because Defendants' submitted witness list also incorrectly labels Dr. Whipple as being given leave to testify remotely. ECF No. 244. At the final pre-trail conference, Defendants acknowledged the error.

alleged relevance of these two witnesses was apparent at the time given they were provided in response to a specific interrogatory. Furthermore, Defendants did not explicitly state that the witnesses were irrelevant; in fact, they specifically highlighted their alleged relevance as single mothers in the program. Though they also noted that the potential relevance of each witness might be lessened based on when the witness was in the residency program,[3] Defendants decidedly did not disclaim any use of these witnesses in a way that this court has before considered sufficient in causing undue surprise. *See Zimmerman v. Univ. of Utah*, No. 2:13-CV-01131, 2018 WL 10152218, at *2 (D. Utah Aug. 21, 2018). The court thus finds the first factor weighs against exclusion.

The remaining factors are either neutral or weigh against exclusion. As to the second factor, Plaintiff argues that there is no way to cure any resulting prejudice. She notes that she still has no contact information regarding the witnesses and that there is no time to reopen discovery to allow for a deposition. Considering the limited prejudice and surprise and Plaintiff's own untimeliness with respect to the discovery issues at hand, however, this factor is neutral at best. As to the third factor, Plaintiff argues that the potential for trial disruption either weighs in favor of exclusion or is neutral. The court also finds this factor to be neutral. Finally, as to the fourth factor, Plaintiff argues that Defendants' conduct is reflective of bad faith. The court disagrees. In responding to Plaintiff's discovery request, Defendants provided the names of these two witnesses despite objecting to the interrogatory as a whole for being too broad. While Defendants' disclosures were

---

[3] Defendants initially stated in their discovery response that Dr. Whipple and Dr. Sohrevardi were not "competing for or performing their residencies during any of the years at issue relating to Dr. Pingree." ECF No. 233-5 at 4–5. In responding to the present motions, Defendants note that Dr. Whipple's residency did, in fact, overlap with the relevant time period in the case. Though this misstatement contributes to a calculation of undue surprise, the court finds its effect marginal. After all, Plaintiff requested information dating back to 2012 and failed to timely request additional information after being notified of Dr. Whipple.

not sufficient, they were otherwise responsive, and there is no indication that the deficiencies were a result of bad faith.

Considering all the factors, the court finds exclusion of these two witnesses based on Defendants' disclosure deficiencies to be unwarranted.

Finally, Plaintiff also argues that the testimony of these two witnesses is not relevant, is improperly prejudicial, or should be excluded as improper character evidence.

The court first considers the relevance of Dr. Sohrevardi's testimony. Dr. Sohrevardi completed her residency in the Internal Medicine program before Dr. Milne became program director in 2006 and before Dr. Pingree was involved in the program. Defendants argue her testimony is nevertheless relevant because Dr. Milne was still in a position of power and decision-making authority over Dr. Sohrevardi, though not as program director. As Defendants argue, the testimony of a former resident who was a single mother in the program under Dr. Milne bears on program expectations and performance standards, available support, and contemporaneous practices and interactions relevant to the claims and defenses. Plaintiff also has made a case for the relevance of this type of witness before, stating in Plaintiff's meet-and-confer letter that "understanding how other women were treated by Dr. Milne is relevant to establishing motive and/or a pattern or practice." ECF No. 233-4 at 4. This satisfies the low bar for relevance. Plaintiff's argument with respect to unfair prejudice relates back to whether there was unfair surprise, which the court has already addressed.

The next question is whether this testimony will be used to prove a party acted in conformity with a trait on a specific occasion—generally considered inadmissible under Federal Rule of Evidence 404(a)(1). Defendants argue that Dr. Sohrevardi's testimony will be used instead as evidence of comparative treatment of similarly situated employees. *See Whatley v. Skaggs*

*Companies, Inc.*, 707 F.2d 1129, 1136 (10th Cir. 1983) (finding that "defense evidence of comparative treatment of other Hispanics" was admissible and relevant). Though there is an inherent tension between the strictures of Rule 404(a)(1) and comparative treatment evidence in disparate treatment claims, the latter is often allowed as probative of intent or pretext. *See, e.g.*, *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1115 (10th Cir. 2007) ("[I]n order to create an inference of pretext, 'a plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations . . . by showing disparate treatment between comparable individuals.'"). The court accordingly finds the testimony admissible as comparative treatment evidence, and it notes that whether Dr. Sohrevardi is sufficiently similarly situated is ultimately a question of weight.

The court next considers the testimony of Dr. Whipple, who was a resident in the program between 2018 and 2021. The court finds Dr. Whipple's testimony relevant for the same reasons it found Dr. Sohrevardi's testimony relevant. In fact, unlike Dr. Sohrevardi's residency, Dr. Whipple's residency overlapped with the relevant time frame at issue in the case. The court also reaches the same conclusion with respect to Plaintiff's repeated Rule 404 argument.

## CONCLUSION

For the reasons above, the court DENIES Plaintiff's motions. ECF No. 233, 239.

Signed February 26, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge