IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

　　Before the court is Plaintiff's motion for the court to reconsider its order that Plaintiff must produce unredacted copies of her fellowship offers to Defendants. After Plaintiff filed her motion to reconsider, the court, as a temporary measure, ordered Plaintiff to produce the unredacted offers to defense counsel as attorney and expert eye's only. Defendants have now submitted a response to the motion to reconsider. For the following reasons, the court DENIES the motion to reconsider.

　　Plaintiff has presented no argument that there has been a significant change in circumstances that warrants the court's reconsideration. Instead, she only argues Plaintiff's counsel did not "make clear during the hearing" that the information in the documents is of a privileged nature. ECF No. 259 at 1. "Specifically, Dr. Pingree provided the unredacted offers to her counsel, April Hollingsworth, and only Ms. Hollingsworth, under the condition that they not be shared with anyone else." *Id.* at 1–2.

　　As an initial matter, Plaintiff and her counsel had the opportunity both through briefing and at oral argument to raise any and all arguments relevant to this issue. Plaintiff's counsel's failure to do so does not warrant reconsideration. But even considering these new arguments, Plaintiff's motion still fails. Plaintiff had an obligation to produce the information in these documents to the

opposing party but failed to do so in a timely manner. And the fact that Plaintiff then provided these documents to her counsel does not create a privilege that she can employ to avoid disclosure. *Smith v. Texaco, Inc.*, 186 F.R.D. 354, 357 (E.D. Texas 1999) (stating "materials that would be discoverable in possession of party do not become immune from discovery by being shared with attorney"). While Plaintiff argues the experts do not need the information in these documents relating to location, Defendants are entitled to receive the information they normally would receive when developing their trial strategy and arguments, especially given they are now doing so in an extremely contracted timeline due to Plaintiff's undue delay. Simply put, Plaintiff is not the arbiter of what is relevant and what the parties may consider.

Plaintiff also argues that the production of these documents would cause "manifest injustice." This argument primarily characterizes Plaintiff's fear of Defendant Milne misusing these documents to further retaliate as being so great that Plaintiff would rather risk sanctions by the court than compliance with its orders. It also argues that the court's order creates a "conflict" between Plaintiff and her counsel that might result in Plaintiff losing her lead attorney.

To be clear, neither of these arguments reach anywhere near the level of manifest injustice required for the court to reconsider its order. The documents are subject to both the court's standard protective order and an additional order requiring Defendants to not share these documents with any third parties. ECF No. 225. Plaintiff's counsel, having satisfied her responsibility to move for the court to reconsider, may now comply with the order without fear of breaching her professional responsibility duties. *See* Comment 15 to Rule 1.6 of the Rules of Professional Conduct. Any intentional disobedience to the court's binding orders does not create manifest injustice; instead, it warrants sanctions.

## CONCLUSION AND ORDER

For the above reasons, the court DENIES Plaintiff's motion, ECF No. 259, and orders that Plaintiff's counsel produce to Defendants unredacted copies of her fellowship offers by 5:00 p.m. on February 27, 2026. The court further orders that the offers are subject to the Protective Order in this case and neither the offers or their contents may be disclosed by Defendants to any third parties.

DATED February 27, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge