IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON MOTION FOR SANCTIONS**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

Before the court is Defendants' motion for sanctions. ECF No. 240. For the following reasons, the court GRANTS in part and DENIES in part the motion.

## BACKGROUND

The sanctions motion at hand relates to an eleventh hour update from Plaintiff that a major assumption, if not the primary assumption, underlying her damages theory was no longer relevant. In short, her damages theory was premised on Plaintiff working in Switzerland. However, she has since informed the court and Defendants that she will be starting a position in the United States. At a subsequent pre-trial conference, the court ordered each side to exchange updated expert reports on an expedited timeframe. The court also ordered Plaintiff's counsel to make Plaintiff available for a two-hour deposition, given indications and a suggestion from Defendants' counsel that Plaintiff and/or her counsel withheld the new information in bad faith. Finally, the court ordered Plaintiff to provide defense counsel all existing employment offers, subject to a protective order. After the deposition took place, Defendants moved for sanctions.

**LEGAL STANDARD**

Under Rule 26(a)(2), a party must disclose its expert witnesses. As part of that disclosure, parties must also provide expert reports that contain the opinions the expert witness will express, including the basis and reasons for those opinions as well as the facts or data used in forming those opinions. Fed. R. Civ. P. 26(a)(2). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37(c)(1) "addresses a party's failure to disclose or supplement initial disclosures, providing that, '[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). "[T]he determination of whether a Rule 26(a) [or (e)] violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* (quoting *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191–92 (10th Cir. 2009)).

The Rule 37(c)(1) inquiry "depends upon several factors that a district court should consider in exercising its discretion." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011). These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d

985, 993 (10th Cir. 1999).

## DISCUSSION

Defendants raise two main issues in their sanctions motion. The first relates to whether Plaintiff and/or her counsel have been forthcoming in providing updated information that is material to Plaintiff's damages theory—a failure to disclose argument. The second relates to Plaintiff providing only redacted copies of her offer letters to defense counsel—a non-compliance with a court order argument.

I.  **Failure to Disclose under Rule 37(c)(1)**

Defendants argue that Plaintiff has failed to disclose or supplement material information related to its expert report on damages, warranting exclusion. Rule 37(c)(1) also permits an award of reasonable expenses and attorney's fees caused by the failure to disclose as well as a jury instruction informing the jury of the party's failure. Fed. R. Civ. P. 37(c)(1)(A)–(B).

The court first considers whether there is any indication of bad faith, willfulness, or undue gamesmanship. In making that determination, the court considers three arguments raised by Defendants. First, Defendants argue that the deposition shows that Plaintiff apparently never applied to the Swiss position that the expert report was based on, despite the expert testifying that the expert only considered that job in the damages calculations because Plaintiff alleged said she knew "what [she] was going to do." However, Plaintiff, in the deposition, disputed that she said she told the expert that she would pursue only the Swiss position with absolute certainty.

Second, Defendants argue that the deposition shows that Plaintiff has apparently been seeking U.S. positions since April 2025 and that they have included "training" positions rather than full attending positions, which would play a role in the damages analysis. Plaintiff, however, stated in the deposition that she did apply to a Swiss position in Fall 2025. She also stated that she

accepted the U.S. positions only in December 2025 and January 2026.

Third, Defendants argue that the deposition shows that Plaintiff's counsel refused to let Plaintiff answer many questions detailing when or what was communicated to Plaintiff's counsel with regard to this issue. Plaintiff did, however, state that she did not tell her counsel about the two U.S. positions until January 30, the day the motions in limine were due and the day Plaintiff's counsel notified the court and opposing counsel that the Swiss employment assumption was likely no longer relevant.

Considering each of these three points, the court finds that there is not enough to support that Plaintiff or her counsel withheld the information willfully or in bad faith. But bad faith is only one factor the court considers in weighing Rule 37(c)(1) sanctions. The deposition makes clear that there was a significant amount of time between when Plaintiff's damages theory was no longer relevant and when that information was relayed to defense counsel and the court. While the delay appears to not have been intentional, it nevertheless represents a failure to disclose new information in a timely manner. The court finds there was clear prejudice to Defendants, who had to develop new arguments and an updated expert report on the eve of trial in a constricted fashion. Ultimately, the court finds sanctions are warranted as a result of this failure to disclose. The court orders that Plaintiff is precluded from offering any evidence related to the initial alleged Swiss employment, including any Swiss salary schedules. Further, the court awards attorney's fees and costs related to the untimely disclosure.

## II.     Non-Compliance with a Court Order

Defendants also argue that Plaintiff's refusal to provide unredacted versions of the offer letters warrant sanctions under either Rule 37(a)(5), 37(b), or 37(d). Defendants argue that the redactions obscure location details likely relevant to the expert report and analysis. The court finds

additional sanctions unwarranted here at this point.

To be sure, the court's protective order covering the offer letters obviated any need for redactions. However, because the court admittedly did not explicitly state that Plaintiff could not redact certain portions of the offers, it does not consider the redactions to be non-compliance, however dilatory they were. The court further notes that it has since ordered Plaintiff's counsel to provide the unredacted offers and that its award of expenses and attorney's fees under Rule 37(c)(1) relating to the untimely disclosure of Plaintiff's new employment pathways covers any expenses and fees incurred in acquiring the unredacted letters.

The court's decision is supported by the fact that, among the rules cited by Defendants, Rule 37(c)(1) is the most applicable. The instant matter does not involve a motion to compel, which would invoke Rule 37(a)(5). And as stated, the court does not view Plaintiff initially providing redacted offer letters to rise to the level of non-compliance with a court order, which would invoke Rule 37(b). Finally, the court does not view Plaintiff's counsel's objections in the deposition to have impaired the deposition, which would invoke Rule 37(d).

## CONCLUSION

For the reasons above, the court GRANTS IN PART and DENIES IN PART Defendants' motion. ECF No. 240. The court ORDERS that Plaintiff is precluded from offering any evidence related to the initial alleged Swiss employment that is no longer relevant, including any Swiss salary schedules. Further, the court awards reasonable expenses and attorney's fees incurred in: (i) addressing Plaintiff's refusal to produce unredacted offers and related documents; (ii) preparing and filing this motion for sanctions; (iii) preparing for and conducting the additional deposition; and (iv) expert fees incurred in updating expert testimony and reports due to the untimely disclosed information. Defendants have until April 1, 2026 to provide documentation as to their reasonable

fees and costs incurred in connection with Plaintiff's untimely disclosures.

Signed February 27, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge