IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR EXPENSES AND FEES INCURRED IN SANCTIONS MOTION**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

On February 27, 2026, the court granted in part a motion for sanctions filed by Defendants relating to untimely disclosures from Plaintiff. ECF No. 270. The court awarded Defendants the reasonable expenses and attorney's fees incurred in: (i) addressing Plaintiff's refusal to produce unredacted offers and related documents; (ii) preparing and filing the motion for sanctions; (iii) preparing for and conducting the additional deposition; and (iv) expert fees incurred in updating expert testimony and reports due to the untimely disclosed information. *Id.* at 5. On March 27, Defendants filed their motion for expenses and fees. ECF No. 305. The amount of requested fees totals $12,595.10. *Id.* at 2.

Plaintiff filed a response requesting that the court reduce the fees and costs sought by Defendants. ECF No. 315. First, Plaintiff argues that the fees Defendants incurred in responding to Plaintiff's motion for reconsideration should not be awarded. The court disagrees. Defendants' work in responding to Plaintiff's motion to reconsider fits squarely into the first bucket: work addressing Plaintiff's refusal to produce unredacted offers and related documents.

Plaintiff next requests that Defendants' expert-related charges should be denied in full. Plaintiff argues that because Dr. Cross's substantive opinions did not change upon review of the

untimely filed information, the expert work was not necessary. ECF No. 315 at 3. This argument warrants little discussion. Plaintiffs failed to provide important information to Defendants in a timely manner, requiring Defendants to have their expert review and update his analysis and any associated reports at the eleventh hour. While an expert is likely to review his or her work prior to trial in any case, this specific review required the expert to incorporate *new* information to see how, if at all, his or her expert opinion would change. The fact that the new information did not ultimately change the expert's opinion does not erase the added work the expert and Defendants had to do to reach that conclusion.

The court finds Defendants' requested fees and costs to be reasonable. *See Prisbrey v. State Auto Ins. Companies*, No. 4:21-CV-00124-DN, 2024 WL 476654, at *1 (D. Utah Feb. 7, 2024) (identifying factors for determining the reasonableness of the hours billed). Defendants support their request with the appropriate documentation that identifies in an itemized manner the work, the time spent, and the cost. All of the fees and costs reasonably relate to addressing Plaintiff's untimely disclosures. *See also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting, in the context of 42 U.S.C. § 1988 fee awards, that courts should exclude hours that were not reasonably expended).

**CONCLUSION AND ORDER**

The court HEREBY ORDERS that Defendants' motion is GRANTED. ECF No. 305. The court awards $12,595.10 in fees and costs to Defendants.

DATED August 17, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge