IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RITA FLORIAN PINGREE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH and CAROLINE MILNE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM**<br><br>Case No. 2:20-cv-00724-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

On March 27, 2026, Plaintiff Dr. Rita Florian Pingree filed a motion for judgment on her promissory estoppel claim. ECF No. 307. Defendants oppose the motion. ECF No. 313. Having considered the trial testimony and the exhibits accepted into evidence, the court finds that Dr. Pingree has not proven her promissory estoppel claim.

## BACKGROUND

In 2012, Dr. Pingree graduated from the University of Utah's medical school. After medical school, she sought to enter a three-year (or "categorical") residency program for internal medicine. Complicating this process for Dr. Pingree was her then-ongoing divorce proceedings. Due to disagreements over custody of her young daughter, Dr. Pingree was limited in where she could relocate, and so she primarily applied to residency programs in or near Utah.

Dr. Pingree's hunt for residency programs did not result in much success, however. For example, she repeatedly tried to match into some of the University of Utah's residency programs, each time unsuccessfully. Relevant here, Dr. Pingree applied for a categorical residency position in the University's Internal Medicine Program for the 2017–2018 year. In February 2017,

Defendant Dr. Milne, the Program Director of the Internal Medicine Program, met with Dr. Pingree and informed her that she would not match into the program. However, Dr. Milne told Dr. Pingree that she could be guaranteed a position in the "preliminary" residency program, which is a one-year commitment for those who are planning on pursuing another residency program. In other words, a placement in a preliminary residency program generally does not come with an expectation of continuing on into the same three-year categorical residency program. However, Dr. Milne stated to Dr. Pingree during that meeting that if Dr. Pingree did well in the preliminary program, she could stay on in the program as a second-year categorical resident. Dr. Pingree then matched into the preliminary program, in reliance on that promise.

Ultimately, Dr. Milne and the University of Utah did not offer Dr. Pingree a spot in the categorical program. Dr. Pingree claims she suffered extensive economic and non-economic damages from Defendants' conduct.

Dr. Pingree then filed suit, alleging, *inter alia*, a promissory estoppel claim. ECF No. 1. Some of Dr. Pingree's claims—relating to alleged discrimination by Dr. Milne and the University of Utah—went to trial, but the court ruled that Dr. Pingree's promissory estoppel claim, as an equitable claim, would be decided by the court after the jury reached its verdict on the legal claims. ECF No. 266. In March 2026, after a two-week trial, a jury found Dr. Milne and the University of Utah not liable for all legal claims brought against them. ECF No. 300. The court now considers the promissory estoppel claim.

## LEGAL STANDARD

Under Utah law, "[t]o make out a case of promissory estoppel necessitates a showing that (1) [t]he plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third

person; (3) the defendant was aware of all material facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff." *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 16, 158 P.3d 1088.

When an equitable claim—like the instant promissory estoppel claim—is decided after a jury has returned a verdict on related legal claims, "the jury's findings on any common questions of fact must be applied when the court decides the equitable claims." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1222 (10th Cir. 2013) (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005)). In other words, when deciding equitable claims, a court will be bound by the jury's verdict, including by findings implicit in the verdict and with respect to any common questions of fact. *See Smith v. Diffee Ford-Lincoln- Mercury, Inc.*, 298 F.3d 955, 965–66 (10th Cir. 2002).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Many aspects of this promissory estoppel claim are clear in the evidentiary record. The record is clear that a certain promise was made. ECF No. 307 ¶ 1 (Dr. Milne stating "if you do well next year, I guarantee you can stay in this program"). It is clear that Dr. Pingree relied on the promise to some extent (though the extent and reasonableness of such reliance is contested). *See* ECF No. 307 ¶¶ 3, 7–14; ECF No. 313 at 11. It is undoubtedly clear that Defendants wanted Dr. Pingree to rely on that promise. ECF No. 307 ¶¶ 6–7. What is disputed, however, is if Dr. Pingree satisfied the condition precedent to the promise, which would, in turn, affect whether Dr. Pingree reasonably relied on the promise to her detriment. In other words, the parties disagree on whether the evidence shows that Dr. Pingree did well in her preliminary intern year.

Defendants argue first that the jury's verdict precludes Dr. Pingree from establishing her promissory estoppel claim. In their view, Dr. Pingree advanced a singular theory at trial: that she did well in her preliminary intern year and that the only reason for her non-advancement was

unlawful discrimination. Defendants contend that in finding Defendants not liable, "the jury necessarily resolved that Defendants' proffered legitimate, non-discriminatory reasons for not advancing Plaintiff were not pretextual." ECF No. 313 at 8. In response, Dr. Pingree notes that the jury was not specifically asked to determine whether she did well.

The court does not agree that the jury's verdict mandates an implicit finding that Dr. Pingree did not satisfy the condition precedent to the promise by not doing well. To be sure, Dr. Pingree's performance as a preliminary intern was central to the legal issues at trial, given her performance was Defendants' "central justification" at trial for not moving her forward in the program. ECF No. 313 at 9. Nevertheless, Dr. Pingree's performance was not the only possible non-discriminatory justification for Defendants' actions, nor was the jury specifically instructed that Dr. Pingree's performance was Defendants' central justification. *See* ECF No. 301 at 4 (jury instructions stating only that "Defendants contend that all decisions at issue were . . . based on legitimate and non-discriminatory and non-retaliatory considerations"). Without more clarity on why the jury found Defendants not liable, the court cannot say that the jury definitively believed Dr. Pingree to have not done well. That finding is not a "necessary implication" of the jury's verdict. *Ag Services of America, Inc. v. Nielsen*, 231 F.3d 726, 732 (10th Cir. 2000) (noting that "[t]he true test is whether the jury verdict by necessary implication reflects the resolution of a common factual issue"). The court is thus not precluded from deciding the promissory estoppel claim in favor of Dr. Pingree; there would be no inherent conflict with any implicit jury finding.

But even though the court finds that the *jury's verdict* does not necessarily imply that Dr. Pingree did not meet the condition precedent to the promise, the court finds that the *evidentiary record* supports such a finding of fact, based on a preponderance of evidence. While Dr. Pingree points to some testimony and exhibits that show scattered positive feedback for her work, the

evidentiary record includes, in the court's view, a significantly greater weight of evidence that showcases that Dr. Pingree had serious performance issues. *See, e.g.*, ECF No. 308-18 at 8 (Dr. Raaum marking "Deficiencies noted, recommend remediation"). While the court does not doubt that Dr. Pingree is now a qualified doctor, the evidence presented at trial makes clear that in the relevant year, she did not "do well."

In addition, Dr. Pingree's attempt to re-define what "doing well" means both does violence to the phrase and creates another problem for herself. As Defendants argue, "[if] Plaintiff must redefine the condition to encompass performance that includes remediation, extended timelines, or discretionary accommodations, then the purported promise" may not be definite enough to support the claim. ECF No. 313 at 15; *see S6, LLC v. Wing Enters., Inc.*, 2024 UT App 105, ¶ 70, 56 P.3d 100, 117 (finding a promise of equity not sufficiently clear and definite to be actionable on a theory of promissory estoppel).

Because she did not satisfy the condition precedent to the promise, Dr. Pingree cannot show that she reasonably relied on the promise to her detriment, and Defendants were under no obligation to fulfill the promise. *See Arata v. Shefco, Ltd.*, 2014 UT App 148, ¶ 8, 330 P.3d 115, 117 (describing conditions precedent). Any request for damages or equitable relief stemming from this claim is therefore unwarranted.[1]

**CONCLUSION AND ORDER**

In sum, the court concludes that Dr. Pingree has failed to prove her promissory estoppel claim. Accordingly, the court finds in favor of Defendants on the claim.

---

[1] Because the court rejects the promissory estoppel claim, the court need not rule on whether the promissory estoppel claim can be brought against both defendants or only against the University of Utah. *See* ECF No. 320 at 13.

DATED August 17, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge